(No. 42804.—)

FIRST NATIONAL BANK IN DE KALB, ILLINOIS, Appellee, *vs.* JACK KEISMAN *et al.,* Appellants.

*Opinion filed Dec. 4, 1970.—Rehearing denied Jan. 27, 1971.*

EDWARD F. DIEDRICH, of De Kalb, (RICHARD D. LARSON, of counsel,) for appellants.

FRANCIS E. CASH, of De Kalb, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from a judgment entered by the circuit court of DeKalb County against defendants, Jack Keisman and J. Fred Dickey, and in favor of First National Bank in DeKalb on two separate judgment notes totalling $12,600. The issue presented by defendants is whether the judgment entered upon a warrant of attorney is constitutionally valid.

It is admitted that the judgment was entered in full compliance with the provisions of the Illinois Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 50(4)). Nonetheless, it is contended that the procedure followed constituted a denial of due process of law in violation of an individual's constitutional rights under the fourteenth amendment to the United States constitution in that the defendants received no notice and were afforded no hearing prior to the entry of judgment, and that said statute makes no provision for notice or process.

Defendants Keisman and Dickey, together with an attorney, George Spitz, now deceased and not a party hereto, signed the notes in question for the purpose of obtaining a loan to finance the purchase of printing equipment for a publishing company in which they were interested. Following the entry of judgment and the issuance of execution defendant's motion to vacate was denied. Later another motion entitled, "To Arrest the Judgment" was filed and denied. This motion merely alleged that the judgment by confession constituted a deprivation of due process of law and deprived defendants of their constitutional right to trial.

The only facts before us relating to this motion are contained in a partial report of proceedings setting forth a discussion between the attorneys and the court. Defense counsel stated that the time had come for confession judgments to be abolished or declared unconstitutional and that since other proponents of this point of view had so far been unsuccessful with the Illinois legislature perhaps the courts would have to "bring the matter to task." The court reminded him that if he felt that defendants had been overreached there was a proper time and procedure provided by the statute for redress, but that if counsel wanted to try to make some new law he would accommodate him and deny the motion.

Defendants, joined by *amici curiae,* have filed extensive

briefs. Conceding that constitutional rights may be knowingly and intelligently waived they argue, however, that the mere signing of a document containing a warrant of attorney with power to confess judgment does not constitute a knowing waiver of one's rights, because consumers, for instance, are generally unaware of the existence of such a clause in contracts signed by them, or, that the instrument is presented to them on a take-it-or-leave-it basis, leaving them no chance for equal bargaining; and that even if made knowingly the waiver should be held ineffective as a matter of public policy because the poor and oppressed consumers, borrowers, and lessees should be protected from depriving themselves of such vital rights. In support of these contentions defendants contend that judicial disfavor with judgments obtained by confession is often manifested in a strict construction of the law under which they are rendered; that Federal statutes such as the Consumer Credit Protection Act of 1968 (Truth in Lending Bill) have tended to weaken State provisions authorizing cognovits; that by statute some States expressly prohibit judgment by confession on a judgment note and a number of other States prohibit the use of confession of judgment in certain circumstances such as small loans, motor vehicle sales, or retail installment contracts.

No precedent has been cited by defendants on the precise point which they pose. There is no question, as conceded by defendants, that constitutional rights may be waived if done so intelligently and knowingly, and this includes a waiver of notice in advance. We find no constitutional objection to confession of judgment *per se*. In a particular case there may be reasons for setting aside a judgment entered by confession. This case concerns two apparently knowledgeable businessmen and a lawyer negotiating an ordinary business loan from a bank for the purpose of purchasing equipment for their publishing firm. There is nothing in the record to indicate that these men were naive, that they were

imposed upon by the lender, or that they did not knowingly and intelligently waive notice and agree to entry of judgment against them as security for the loan they sought.

We therefore affirm the decision of the circuit court of DeKalb County.

*Judgment affirmed.*