**In re AARONICS EQUIPMENT RENTALS AND SALES, INC. a/k/a Aaronics Welding Equipment Rentals, Debtor.**

**AARONICS EQUIPMENT RENTALS AND SALES, INC. a/k/a Aaronics Welding Equipment Rentals, Plaintiff,**

v.

**Isaac HAYNES d/b/a Isaac Haynes Construction, Defendant.**

**Bankruptcy No. 85–00449.
Adv. No. 85–0124.**

United States Bankruptcy Court,
M.D. Louisiana.

Oct. 11, 1985.

---

Jack Patrick Harris, Baton Rouge, La., for plaintiff.

John C. Anderson and Randy P. Zinna, Baton Rouge, La., for defendant.

## REASONS FOR JUDGMENT AND ORDERS DISPOSING OF MOTION

WESLEY W. STEEN, Bankruptcy Judge.

This is an adversary proceeding for turnover of property of the estate; it is, more simply, an action on an alleged account receivable on which the Defendant allegedly owes the Debtor $3,690.00. On September 26, 1985, the Defendant in the above referenced adversary proceeding filed a motion to dismiss complaint and alternatively requested abstention.

### I. Motion to Dismiss

The motion suggests that this is not a core proceeding because it is an action "to collect an unliquidated contractual claim with facts directly analogous to the *Marathon* case. This is not a core proceeding and is at best only a related proceeding." The motion then suggests that the Court has no jurisdiction over the controversy, and, therefore, should be dismissed; movant then states that it objects to jurisdiction.

The motion incorrectly interprets the law. Classification of a proceeding as a related proceeding or as a core proceeding has no relationship whatever to the jurisdiction of the Court. That classification merely has relevance to a determination of whether the bankruptcy judge issues a final order or whether the bankruptcy judge issues findings of fact and conclusions of law upon which the district court enters a final order after appropriate proceedings.

28 U.S.C. § 1334(b) provides that the United States District Court has jurisdiction over proceedings arising under, arising in, or related to a case under Chapter 11. 28 U.S.C. § 157(a) permits the United States District Court to refer such cases to the bankruptcy judge for that district. 28 U.S.C. § 157(b)(1) provides that bankruptcy judges may hear and determine core proceedings; 28 U.S.C. § 157(c)(1) provides that bankruptcy judges may hear, but without consent of the parties may not determine, related (noncore) cases.

The United States District Court for the Middle District of Louisiana has, by Local Rule 29.1, referred such cases to the undersigned Bankruptcy Judge effective July 3, 1985.

In short, there is no question but that the United States District Court has jurisdiction over the case, and, therefore, the motion to dismiss for lack of jurisdiction is denied. The issue is whether the case is a core proceeding or is a non-core proceeding. That issue will be addressed later in these reasons for judgment.

In addition to the jurisdiction granted the United States District Court by 28 U.S.C. § 1334(b), the United States District Court is given exclusive jurisdiction over property of the estate: 28 U.S.C. § 1334(d). An account receivable of the debtor is property of the estate, 11 U.S.C. § 541(a), § 543, *Georgia Pacific Corporation v. Sigma Service Corporation*, 712 F.2d 962 (5th Cir., 1983) (hereinafter *Sigma Service*). The *Sigma Service* case holds that sums admittedly due by a general contractor to a sub-contractor constitutes property of the estate within the jurisdiction of the Bankruptcy Court notwithstanding the fact that there are competing claims to the sums and notwithstanding the possibility of equitable or constructive trust interests under applicable local law. It is not possible from the motion to tell whether the Defendant admits liability in whole or in part (and simply objects to jurisdiction) or whether there is substantial defense to liabilities that might

alter the *Sigma Service* result. If the receivable constitutes property of the estate, and because property of the estate is within the exclusive jurisdiction of the District Court, the Court obviously would have additional jurisdiction over this controversy to the extent that the case is controlled by *Sigma Service*'s definition of property of the estate.

## II. Abstention

The second allegation in the motion is that the Court should, within its discretion, abstain from hearing the matter. Movant does not state the basis for his motion for abstention. Abstention is possible under 11 U.S.C. § 305 or 28 U.S.C. § 1334(c). Whatever the basis for the motion, there are at least two reasons why the undersigned Bankruptcy Judge might recommend to the District Court that it decline the invitation to abstain.

### A. Reasons for Recommendation to Deny Motion to Abstain

Local Rule 29.5.1 provides that a motion for abstention must be filed with the Clerk of the Bankruptcy Court and shall be transmitted to the Clerk of the District Court for presentation to a District Judge with recommendations of the Bankruptcy Judge. Local Rule 29.5.1.A provides that the motion must be filed within fifteen days of service of the complaint.

This complaint was served August 27, 1985. The motion for abstention was filed September 26, 1985. It is not timely.

In addition, the motion for abstention does not comply with Local Rule 29.5.1.C in that it does not state the specific grounds for the request, nor does it comply with Local Rule 5 as required by Rule 29.5.1.C.

Although these grounds are sufficient to deny the motion, the District Court might be inclined not to dismiss for failure to comply with Local Rule 29.5.1; if so, the record must be further developed.

28 U.S.C. § 1334(d) provides that the District Court has exclusive jurisdiction over property of the estate. 11 U.S.C. § 541(a),

543 and *Sigma Service* compel the conclusion that an undisputed receivable due the debtor is property of the estate. Therefore, the District Court might have exclusive jurisdiction over this proceeding. Obviously, abstention would be inappropriate if no other court has jurisdiction.

### B. Reasons Why the Motion to Abstain Will Be Transmitted to the District Court for Determination

It is not clear under existing law whether a decision to abstain or not to abstain should be made by the bankruptcy judge or by the district judge. 11 U.S.C. § 305 merely states that "the court" may abstain. 28 U.S.C. § 1334(c) states that the "district court" may abstain.

Since all jurisdiction is vested in the district court, and since the bankruptcy court is a part, a "unit", of the district court (28 U.S.C. § 151), abstention under any circumstances is by the district court since there *is no other* relevant federal court. The issue really is whether the decision to abstain or not to abstain can only be made by the district judge or whether the decision can be delegated to the bankruptcy judge; if it can be so delegated, a further question is whether it has been so delegated.

A decision under 11 U.S.C. § 305 to abstain or not to abstain "is not reviewable by appeal *or otherwise*." [emphasis supplied] The thread on which hangs the constitutionality of a bankruptcy judge's jurisdiction is the possibility that somehow the selection and supervision of bankruptcy judges by Article III judges is an implied permissible exception to the Constitutional requirement of life tenure and salary security for those who exercise the judicial power of the United States. If a decision is, by statute, "not reviewable by appeal *or otherwise* " [emphasis supplied], then logically the decision cannot be made by an official whose legitimacy depends upon authoritative review of his actions. Therefore, a bankruptcy judge cannot determine an abstention issue under 11 U.S.C. § 305.

A decision *to abstain* under 28 U.S.C. § 1334(c)(2) is also clearly not subject to

review "by appeal or otherwise"; the statute expressly so provides. Apparently, however, a decision *not to abstain* under § 1334(c)(2) is reviewable, since the statute does not exclude such review. It is unclear whether that same stricture applies to abstention under § 1334(c)(1); the entire subsection reads as follows:

"(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 [11 USCS §§ 1 et seq.] or arising in or related to a case under title 11 [11 USCS §§ 1 et seq.].

"(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 [11 USCS §§ 1 et seq.] but not arising under title 11 [11 USCS §§ 1 et seq.] or arising in a case under title 11 [11 USCS §§ 1 et seq.], with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. *Any decision to abstain made under this subsection is not reviewable by appeal or otherwise.* This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code [11 USCS § 362], as such section applies to an action affecting the property of the estate in bankruptcy." [emphasis supplied].

■ The difficulty arises because it is unclear whether the emphasized sentence applies to all of § 1334(c) or only to § 1334(c)(2). Presumably it applies to all of § 1334(c). If it does, then the statutory language means that a decision to abstain under § 1334 is not reviewable, but a decision not to abstain is reviewable. Logically, then, a bankruptcy judge might be delegated the authority to abstain, but may not have the power to decide not to abstain. If the correct resolution of the instant issue is not to abstain, the undersigned Bankruptcy Judge may not decide the issue. Regardless, the Local Rules of the Middle District of Louisiana leave all abstention decisions to the District Court.[1]

### III. Determination of Core/Non-Core Status of the Proceeding

The determination of core status is to be made initially by the bankruptcy judge, 28 U.S.C. § 157(b)(3). Before that decision can be made, the status of the receivable as property of the estate must be determined.

### IV. Conclusion

For the above reasons, the motion to dismiss the complaint for lack of jurisdiction over the subject matter is denied. The pretrial conference shall be held as scheduled on October 24, 1985, at 4:00 p.m. Defendant shall amend his motion at least twenty-four hours prior to the pretrial conference to allege facts sufficient to determine whether this case is controlled by the *Sigma Service* decision and/or how it is similar to *Marathon*.

---

1. In summary, it would appear that there are four possible decisions of a motion to abstain:

  (1) A decision to abstain under 11 U.S.C. § 305;

  (2) A decision not to abstain under 11 U.S.C. § 305;

  (3) A decision to abstain under 28 U.S.C. § 1334(c);

  (4) A decision not to abstain under 28 U.S.C. § 1334(c).

The Bankruptcy Judge could validly make only decision #3 of this scheme. Because it makes much more sense to have only one determination by a judge with a full arsenal of responsive decisions, the Local Rules of the Middle District of Louisiana leave all abstention decisions to the District Court.