**In re Ronald J. PANKAU, Debtor.**

**Ronald J. PANKAU, Plaintiff,**

v.

**FIRST STATE BANK OF HARVARD, Defendant.**

**Bankruptcy No. 82 B 10197.
Adv. No. 84 A 668.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 22, 1986.

Gregory Stern, Chicago, Ill., for defendant.

Robert Benjamin, Chicago, Ill., for plaintiff.

## MEMORANDUM AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

The First State Bank of Harvard ("Bank") made a commercial, non-consumer loan in the amount of $37,000 to the debtor on September 14, 1974. At that time the debtor signed a promissory note containing a confession of judgment clause. The confession of judgment clause provided that upon default the Bank without notice to the debtor could appoint an attorney to appear in court on the debtor's behalf and confess judgment for the principal and interest due on the note plus costs and attorney's fees. After the debtor did default on the note, the Bank utilized the confession of judgment clause to obtain a judgment against him in the Illinois state courts. The debtor received no notice of the hearing and was afforded no opportunity to be heard by the state court before the judgment was entered.[1] After confession judgment against

---

1. This, of course, is not surprising since the very purpose of a confession of judgment clause in a contract or note is to obviate the need for such time consuming niceties as notice and opportu-

the debtor, the Bank attempted to obtain a lien to secure its claim under the promissory note by filing a Memorandum of Judgment with the McHenry County, Illinois Recorder of Deeds on June 27, 1980 and with the Cook County, Illinois Recorder of Deeds on March 9, 1981. Under Illinois law, a judgment becomes a lien on the debtor's realty when it is recorded with the recorder of deeds for the county where such realty is located. Ill.Rev.Stat. ch. 110, para. 12–101, 12–152 (1983).

The debtor filed a Chapter 13 petition on August 5, 1982. The Bank filed a proof of claim based upon the confessed judgment, and asserted a judicial lien in real property the debtor owned in Cook and/or McHenry counties. The debtor objected to the Bank's proof of claim and later filed a four-count Complaint to Determine Lien. Counts I and III in essence challenge the constitutionality of the Illinois confession of judgment procedure generally in due process terms. Counts II and IV challenge the validity of a judicial lien based on a confessed judgment. The litigation on this complaint and related proceedings has been protracted and spirited both in this court and the district court. In the latest round of litigation, the Bank has filed a motion requesting this Court to exercise its discretion to either abstain from hearing the complaint or to dismiss the complaint in order to allow the dispute to be resolved in the state courts and a separate motion seeking summary judgment on the merits. The debtor has filed a cross-motion for partial summary judgment, pointing out that he no longer owns real property in either Cook or McHenry Counties, Illinois.

The Court will first address the Bank's motion to abstain or dismiss because a ruling in the Bank's favor on this request obviously will cause the debtor's complaint

and the related summary judgment motions to become moot. The Bank has premised its motion to abstain or dismiss on both 11 U.S.C. § 305(a) and 28 U.S.C. § 1334(c)(2).

Section 305(a)(1) of the Bankruptcy Code permits a court to dismiss a case (or suspend a case), if it is in the best interests of the debtor and creditors to do so.[2] At the outset, this Court notes that it lacks the power to enter a final judgment on a motion under § 305(a). This is because § 305(c) provides that an order under § 305(a) is not reviewable by appeal or otherwise. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), appears to clearly require from a constitutional perspective that, absent consent by all parties, all final decisions of an Article I judge, such as a bankruptcy judge, be reviewable by an Article III judge. Unless the parties consent to such, an Article I judge cannot render a final nonappealable decision. Therefore, this Court will treat the Bank's motion under § 305(a) as a noncore related proceeding and submit the following as proposed findings of fact and conclusions of law to the district court for entry of a final order. *See* 28 U.S.C. § 157(c)(1). *Accord In re Aaronics Equipment Rentals and Sales, Inc.,* 56 B.R. 297, 299 (Bankr.M.D.La.1985); *but see In re Nexus Communications, Inc.,* 55 B.R. 596, 597 (Bankr.E.D.N.C. 1985).

This Court recommends to the district court that it deny the Bank's motion to abstain or dismiss under § 305(a). It is clear that the language of that statute requires that the interests of *both* the debtor and its creditors be better served by such abstention or dismissal.[3] As the debtor

---

nity for a hearing before a judgment is entered on a note. *See generally* W. Niro, *Landlord-Tenant Law: Challenging the Confession of Judgment Clause in Illinois Residential Leases,* 28 DePaul L.Rev. 645 (1979).

2. Although the Bank refers generally to § 305(a) in its motion, Section 305(a)(2) deals with cases

ancillary to foreign proceedings and obviously has no application to this case.

3. Section 305(a) refers to the dismissal of *cases.* What the Bank seems to be seeking here is a dismissal of this adversary proceeding, not the bankruptcy case itself. Of course, the Bankruptcy Code and Rules draw a sharp distinction between cases and proceedings. *See In re S.E.*

points out, he objected to the Bank's claim more than two and a half years ago. Between that time and now the parties have engaged in discovery, and the bankruptcy court has resolved a number of discovery disputes. The debtor commenced this adversary proceeding two years ago. The parties have twice appealed rulings of the bankruptcy court in this proceeding to the district court. Pretrial statements have been filed, and the debtor has been served with requests to admit. It is apparent that abstention or dismissal in favor of a state court suit on these same issues at this late stage in the proceedings would not only fail to better serve the debtor's interests, but also would cause needless duplication of the efforts already put forth by the debtor, the Bank, and this Court. Finally, it is worth noting that even if the Bank were to succeed in establishing a lien in the state courts, this Court would ultimately have to rule on the priority of that lien in the context of this bankruptcy case.

The debtor intended to resolve all of his financial difficulties in a single forum, the bankruptcy court. That is why he filed a Chapter 13 petition. In that regard he sought to resolve this lien dispute in the bankruptcy court by bringing suit here. The bankruptcy court possesses sufficient expertise to rule on this matter. It is frequently called upon to determine the extent, priority, and validity of liens. The bankruptcy court has jurisdiction to resolve such disputes as a core proceeding. 28 U.S.C. § 157(b)(2)(K). Thus, this Court recommends to the District Court that abstention or dismissal pursuant to § 305(a) is not

warranted under these facts. *See In re Kreiss*, 58 B.R. 999, 1005 (E.D.N.Y.1986).

▆▆ The Bank also requests this Court to abstain under 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) provides for *mandatory* abstention in any proceeding that arises during the course of a bankruptcy case, but which does not arise under the Bankruptcy Code or in the bankruptcy case itself, which is merely related to the bankruptcy case, and which is based entirely on a state law claim or cause of action. Under such circumstances the bankruptcy court must abstain if an action based on the same claim can be commenced in state court and timely adjudicated there.[4]

Again, this Court must first analyze whether it has jurisdiction to enter a final judgment under § 1334(c)(2). The statute suggests that only a district judge can make a final ruling on mandatory abstention because the decision to abstain under § 1334(c)(2) is not reviewable by appeal or otherwise. Thus, for the same reason the bankruptcy court lacks jurisdiction to enter a final judgment under § 305(a) as stated earlier, absent consent, this Court cannot enter a final judgment to abstain under § 1334(c)(2). Logic suggests that the bankruptcy court likewise cannot enter a final ruling *not* to abstain, even though § 1334(c)(2) does not proscribe an appeal from such a decision, because fairness dictates that a litigant should know prior to bringing a motion to abstain whether or not the bankruptcy judge may enter a final order. Moreover, the bankruptcy judge should be free from pressures to hold a

*Hornsby & Sons Sand and Gravel Co.*, 45 B.R. 988, 994 (Bankr.M.D.La.1985) ("Case" as referred to in § 305 is defined as the bankruptcy case *per se*, everything that occurs in bankruptcy case is a proceeding). In light of the fact that the debtor is now in the process of seeking a hardship discharge under 11 U.S.C. § 1328(b) in his chapter 13 case (which is being contested by the Bank), it is clear that dismissal of his case could hardly be thought to be in the debtor's interest. *See In re Whitby*, 51 B.R. 184 (E.D. Mich.1985). Accordingly, the Court will analyze § 305 as if it allowed the court to dismiss proceedings as well as cases on a discretionary basis, although it is hard to see how the language of that section permits of such an inter-

pretation. *See also* Bankruptcy Rule 1017(c) referring to a "petition," not a "complaint" or a "motion." The Court also notes in passing that the notice required by Rule 1017(c) has not been given.

4. Unlike § 305(a) of the Bankruptcy Code, 28 U.S.C. § 1334(c)(2) clearly provides for abstention in a proceeding. Therefore, the Bank's abstention request is appropriately brought under the latter provision because abstention in this proceeding rather than dismissal of the case seems to be what the Bank really wants. *See also* 28 U.S.C. § 1334(c)(1) and note 6, *infra.*

certain way based on the appealability of the abstention ruling. *Accord In re Cemetery Development Corp.*, 59 B.R. 115, 128 (Bankr.M.D.La.1986). As a result, this Court will deem the abstention motion to be a noncore related proceeding and the following will serve as proposed findings of fact and conclusions of law to the district court on the issue of abstention under § 1334(c)(2) with a recommended judgment of nonabstention. *See also In re Cemetery Development Corp.*, 59 B.R. 115, 127–28 (Bankr.M.D.La.1986); *Matter of First Landmark Development Corp.*, 51 B.R. 25, 27 (Bankr.M.D.Fla.1985); *but see In re Baumgartner*, 57 B.R. 517, 521 (Bankr.N.D.Ohio 1986).[5]

▮ Section 1334(c)(2) by its own terms applies only to a proceeding "based upon a state law claim or state law cause of action." In this proceeding, the debtor's claim that the Bank's lien is invalid is not based on state law, but rather is based on the fourteenth amendment of the United States Constitution and 11 U.S.C. § 506. These federal claims preclude application of the mandatory abstention provision. *See In re Beker Industries Corp.*, 57 B.R. 611, 621 (Bankr.S.D.N.Y.1986). Moreover, § 1334(c)(2) is limited to actions that could not have been brought in federal court absent the bankruptcy. The presence of a federal constitutional question here would be grounds for federal jurisdiction absent the bankruptcy. 28 U.S.C. § 1331 (1980). Finally, the language of § 1334(c)(2) limits its applicability to proceedings that do not arise under the Bankruptcy Code or in the bankruptcy case itself, but are merely related to the bankruptcy case. This suggests that mandatory abstention applies only to noncore proceedings. *See Harley Hotels, Inc. v. Rain's International, Ltd.*, 57 B.R. 773, 778 (M.D.Pa.1985). The debtor's complaint here seeks the determination of the extent, priority, and validity of the Bank's lien. As such, it is clearly a core proceeding under 28 U.S.C. § 157(b)(2)(K). For all the above reasons, this Court recommends to the district court that it not abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(2).[6]

---

**5.** 28 U.S.C. § 1334(c)(2) provides only that a decision *to abstain* is nonappealable. Under the doctrine of *inclusio unius est exclusio alterius*, which literally means the inclusion of one is the exclusion of others (Black's Law Dictionary 687 (5th ed. 1979)), any decision *not* to abstain must be appealable. Thus, any decision by the bankruptcy court not to abstain would avoid the constitutional problem posed by *Marathon* because the parties would be entitled to review by an Article III judge of the decision not to abstain. However, the problem of allowing the appeal of a bankruptcy court's decision not to abstain and not allowing the appeal of a bankruptcy court's decision to abstain still remains. The Court believes that this precludes a bankruptcy judge from exercising the power not to abstain under § 1334(c)(2). This Court cannot believe that Congress intended that the question of core versus noncore proceeding should turn on the question of how the bankruptcy judge would ultimately decide the issue before the court rather than the nature of the dispute the court is being asked to resolve.

**6.** There is a third statutory ground for abstention that the Bank has not raised clearly but which may be implied in its motion, particularly in light of the request for discretionary abstention under 11 U.S.C. § 305, and which this Court deems appropriate to address. Under 28 U.S.C. § 1334(c)(1) a court may abstain from hearing a proceeding arising in or related to a bankruptcy case either because abstention is in the interests of justice or out of respect for state law or comity with state courts. As contrasted with § 1334(c)(2), § 1334(c)(1) does allow the Bankruptcy Court to render a final decision whether to abstain or not. There are no problems of appealability of any decision under § 1334(c)(1) to either abstain or not abstain. While it is true that § 1334(c)(1) on its face only authorizes "a district court" to abstain or not in a particular proceeding, that apparent limitation must be interpreted in light of 28 U.S.C. § 157(a) authorizing the district court to refer bankruptcy cases and proceedings arising under the Bankruptcy Code and proceedings arising in or related to a bankruptcy case to bankruptcy courts. While a request for a discretionary abstention gives rise to a proceeding under Title 28 of the United States Code, the Judicial Code rather than under Title 11 of the United States Code, the Bankruptcy Code, it is clearly a proceeding arising in a bankruptcy case. As such, it is delegable and has in fact been delegated to this Court by the broad order of delegation entered by the district court for this district on July 10, 1984. In addition, a request for discretionary abstention is clearly a core proceeding in the facts of this dispute under 28 U.S.C. § 157(b)(2)(A), (K), and (O).

Discretionary abstention under § 1334(c)(1) is not appropriate here. The interests of justice

Assuming the district court will hold that abstention is not proper in this adversary proceeding, this Court will now consider the Bank's motion for summary judgment and the debtor's cross-motion for partial summary judgment. The debtor has filed a four-count complaint. In Count I, the debtor alleges that the Bank's claim must be rejected for two reasons: (1) he received no consideration for agreeing to the confession of judgment clause and (2) he received no notice of the state court hearing where the Bank confessed judgment against him. In Count II, the debtor claims the Bank's lien must be invalidated because it is based on the recording of a judgment that was defective for the reasons stated in Count I. In Count III, the debtor asserts that the Bank's claim must be rejected because prior to the recording of the judgment he received no notice, hearing, or court determination of whether he voluntarily and knowingly signed the confession of judgment clause. In Count IV, the debtor argues that the Bank's lien must be invalidated for the reasons stated in Count III.

The Bank narrows the debtor's four-count complaint to two major contentions and claims that neither have merit. First, the Bank urges the Court to reject the debtor's argument that he received no consideration for waiving his constitutional rights to notice and an opportunity for a hearing prior to judgment being confessed against him. The Bank argues that there are no material issues of fact in this point and that as a matter of law Illinois courts have ruled that the loan amount furnishes sufficient consideration for the inclusion of a confession of judgment clause in a promissory note, *citing Bower v. Casanave*, 44

F.Supp. 501, 505 (S.D.N.Y.1941) and *Reitinger v. Carlson*, 272 Ill.App. 104 (1933).

Second, the Bank disputes the debtor's argument that the fourteenth amendment of the United States Constitution was violated when the Bank confessed judgment against him and when it obtained a judicial lien against the debtor's property based on the confession of judgment clause without affording the debtor either notice and an opportunity to be heard, or without a judicial determination that the debtor knowingly, voluntarily, and intelligently waived his procedural due process rights. The Bank claims that this issue was settled in *First National Bank in DeKalb v. Keisman*, 47 Ill.2d 364, 265 N.E.2d 662 (1970) and *D.H. Overmyer Co., Inc. of Ohio v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). The Bank asserts that these cases stand for the proposition that confession of judgment clauses are not constitutionally infirm where there is no evidence of an unknowing waiver of due process rights or of disparity of bargaining power between the parties.

The debtor resists the Bank's request for summary judgment and on his own behalf requests summary judgment on Counts II and IV, the counts in which he seeks to invalidate the Bank's lien on his property. The debtor argues simply that he does not own any property in McHenry or Cook counties where the Bank recorded its judgment. Therefore, the debtor claims that the Bank does not have a valid lien against any of his property under Illinois law.

As previously noted the issues raised by the debtor's complaint and the Bank's summary judgment motion relate to the validi-

---

would not be served by the bankruptcy court abstaining now in a matter that has been litigated before it for so long and in which the Court has made numerous rulings and which has been before the district court on appeal at least twice. Moreover, the bankruptcy court is well qualified to make a lien determination such as the one presented in this case. Lien determinations are part of the regular work of the Bankruptcy Courts. *See, e.g.* 11 U.S.C. § 506, 28 U.S.C. § 157(b)(2)(K). In addition, abstention is not warranted out of respect for state law or comity with state courts. This proceeding concerns a

federal constitutional issue and determination of a party's secured status under § 506 of the Bankruptcy Code. Federal court is an appropriate place to resolve these issues. Furthermore, there is no pending state court suit to which the state is a party, which might mandate abstention. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Nor is there pending any judicial proceeding involving important state interests. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977).

ty, priority, and extent of the Bank's lien. As such, this is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Therefore, this Court may enter a final order on the cross motions for summary judgment. 28 U.S.C. § 157(b)(1).

 The Court will first consider the debtor's motion for summary judgment on Counts II and IV, as the resolution of that motion affects the status of the remaining counts. The Bank recorded its Memorandum of Judgment only in McHenry and Cook counties Illinois. Under Illinois law, the filing of such a judgment with the county recorder of deeds places a judicial lien only upon the debtor's real property located in that county. Ill.Rev.Stat. ch. 110, para. 12–101 (1983). It is the debtor's position that he is entitled to summary judgment on those counts because he does not own any property in McHenry or Cook counties. The debtor is right. The facts are undisputed. While it is true that the debtor once owned property in McHenry County, there is absolutely no evidence that he now owns any real property either there or in Cook County.[7] The Bank's assertion that the debtor currently "may" own property in either or both of those counties is insufficient to defeat a motion for summary judgment. Specific evidence, by affidavit or otherwise, is required. *See* Fed.R.Civ.P. 56(e); Bankruptcy Rule 7056; *See also Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Therefore, because there are no genuine issues of material fact, the Court concludes as a matter of law that the Bank has no lien on any of the debtor's realty in these counties. The debtor therefore is granted summary judgment on Counts II and IV. Count III, in which the debtor objects to the Bank's claim because it is based on a lien obtained by filing the Memoranda of

Judgment now becomes moot in the absence of any valid lien.

In Count I, the only remaining count, the debtor urges the Court to deny the Bank's proof of claim because of the alleged infirmities in the confession of judgment clause and in the confessed judgment itself. In particular, the debtor claims that he received no consideration for agreeing to the confession of judgment clause and received no notice of the state court hearing where the Bank confessed judgment against him.

 The simple answer to the debtor's argument that his constitutional rights were violated because he was not notified of the court date on which judgment would be confessed against him is that this contention must fail as a matter of law. The result in this matter is controlled by two cases, *D.H. Overmeyer Co. of Ohio v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) and *First National Bank in DeKalb v. Keisman,* 47 Ill.2d 364, 265 N.E.2d 662 (1970). Both of these cases are substantially identical in their essential facts to the facts of this case. Both involve the validity of judgments obtained using confession of judgment clauses in notes signed by business persons. Mr. Pankau is a business person. Both the United States Supreme Court and the Illinois Supreme Court held that where there is no obvious disparity of bargaining power between the parties, the mere entry of judgment based on a confession of judgment clause without prior notice and opportunity to be heard being afforded to the debtor is not *per se* violative of fourteenth amendment due process requirements. A debtor may knowingly, intelligently, and voluntarily waive the right to notice and opportunity to be heard.[8] *See also Swarb*

---

7. The real property the debtor formerly owned in McHenry County was subject to a security interest in favor of First National Bank of Skokie, Illinois. That bank's claim exceeded the fair market value of the property. During this Chapter 13 case, pursuant to court order, the debtor conveyed that property to the First National Bank of Skokie for a credit of $10,000.00,

with the deficiency being allowed as an unsecured claim to be paid under the plan.

8. The breadth of the *Overmeyer* and *Keisman* cases may be limited. It can be argued that the holdings in both are confined to the situation where a judgment has been entered by confession but not enforced. The argument would go that at that point, the debtor has not yet been

*v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).[9]

In light of the foregoing the Bank's request for summary judgment on Count I must be granted. There is no issue of fact. The debtor's proper remedy is not to challenge the constitutionality of the process by which the judgment by confession was entered. Instead the proper route, in the event the debtor does have a defense on the merits, is for the debtor to seek to reopen the judgment under Illinois Supreme Court Rule 276 (Ill.Rev.Stat. ch. 110A, § 276 (1982)) or to object to the Bank's claim under Bankruptcy Rule 3007. In either approach the debtor will have to establish a prima facie defense on the merits in his pleading.

Therefore, the Court will allow the debtor until October 2, 1986 to amend his pleadings to state a cause of action under Illinois Supreme Court Rule 276 or Bankruptcy Rule 3007. The Bank is allowed until October 16, 1986 to respond. The debtor is allowed until October 23, 1986 to reply. In the event the debtor fails to amend his pleading, the adversary proceeding is dismissed with prejudice and the Bank will be deemed to have an allowed unsecured claim in the amount of its confessed judgment plus interest and allowable costs to the date of the petition. In the event the debtor does file a pleading objecting to the Bank's claim on the merits, this matter is set for status.

deprived of property or the use of any property. However, there is a caselaw suggesting that when the creditor proceeds to enforce upon that confessed judgment and deprive the debtor of the use of its property, the debtor is entitled to notice, or an opportunity to be heard or at least a judicial determination of whether the debtor knowingly and voluntarily waived due process rights in the confession of judgment. *Scott v. Danaher,* 343 F.Supp. 1272, 1278 (N.D.Ill.1972). *Scott* involved a creditor who first obtained a judgment by confession in state court without giving the debtor notice or an opportunity for a hearing and then, in order to enforce the judgment, again without notice and hearing, garnished the debtor's bank account, thereby freezing the account. The court held that the combined use of the confession of judgment and postjudgment garnishment violated the debtor's due process rights because the two steps in tandem—confession of judgment followed by postjudgment garnishment—served to deprive the debtor of property without either notice and opportunity to be heard or a judicial determination that the debtor knowingly, voluntarily, and intelligently waived the right to such and thus violate the debtor's fourteenth amendment due process rights. The question which the debtor's successful summary judgment saves this court from having to resolve is whether the fixing of judicial lien against the debtor's property through recording a confessed judgment works

a sufficient deprivation an interest in property to invoke the *Scott v. Danaher* rule. *Cf. Black Watch Farms v. Dick,* 323 F.Supp. 100 (D.Conn. 1971); *Cordoba Shipping Co., Ltd. v. Maco Shipping, Ltd.,* 494 F.Supp. 183 (D.Conn.1980).

9. The debtor's argument that he received no consideration for the confession of judgment clause and the concomitent waiver of constitutional rights must be rejected. Illinois caselaw makes it clear that no separate consideration is required for such a waiver. The consideration underlying the note itself will suffice for the confession of judgment clause as well. *Bower v. Casanave,* 44 F.Supp. 501, 505 (S.D.N.Y.1941) (citing with approval) *Reitinger v. Carkson,* 272 Ill.App. 104 (1933). *See generally Mays v. Chas. D. Larson Co.,* 304 Ill.App. 137, 26 N.E.2d 139 (1940), *Kuh v. Williams,* 13 Ill.App.3d 588, 301 N.E.2d 151 (1973). *Ninow v. Loughnone,* 103 Ill.App.3d 833, 59 Ill.Dec. 510, 431 N.E.2d 1267 (1981) (warrant of attorney to confess judgment may be incorporated into a note and is generally construed according to the rules which apply to written contracts). It is not necessary that a specific clause of a contract (*e.g.* the confession of judgment clause) be supported by seperate consideration, however the contract which contains the specific clause must be supported by consideration. *See generally Steinberg v. Chicago Medical School,* 69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634 (1977).