**In re COLORADO INDUSTRIAL BANK OF LOVELAND, Debtor.**

**COLORADO INDUSTRIAL BANK OF LOVELAND, Appellant,**

v.

**COLORADO STATE BANK COMMISSIONER, et al., Appellees.**

**Civ. A. No. 87–M–1989.**

United States District Court, D. Colorado.

May 12, 1988.

**856**

Glen E. Keller, Jr., David R. Garfield, Davis, Graham & Stubbs, Denver, Colo., for debtor/appellant.

Barbara M.A. Walker, Regulatory Law Section, Alan J. Harper, U.S. Trustee, John B. Moorehead, Timothy R. Beyer, Jeffrey Cohen, Jean M. Christman, Koransky, Friedman, Cohen & Solomon, P.C., Denver, Colo., for appellees.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

The debtor appeals from an order dismissing its voluntary Chapter 11 petition. The bankruptcy judge determined that the Colorado Industrial Bank of Loveland is an industrial bank which is ineligible to be a debtor under 11 U.S.C. § 109(b)(2), and even if the bank were eligible to file, dismissal is appropriate under 11 U.S.C. § 305 because the interests of creditors and the debtor would be better served by such dismissal. These issues have been adequately briefed and the decision would not be significantly aided by oral argument. Accordingly, oral argument is waived under Bankruptcy Rule 8012.

■ 11 U.S.C. § 109 provides:

(b) A person may be a debtor under Chapter 7 of this title only if such person is not—

(2) A domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, credit union, **or industrial bank or**

similar institution which is an insured bank as defined in section 3(h) of the Federal Deposit Insurance Act (12 U.S. C. § 1813(h).

Both parties believe the language of the statute is clear. To the bank, the emphasized portion means that an industrial bank which does not have FDIC insurance may be a "debtor." The Commissioner claims the phrase excludes all industrial banks and similar institutions that have FDIC insurance. The difference in interpretation depends upon which of the listed institutions are subject to the modifying "which is an insured bank" clause. The language is not clear.

The disputed language was enacted in the Garn–St. Germain Depository Institutions Act of 1982, Public Law 97–320, 96 Stat. 1469. That Act amended 12 U.S.C. § 1813(a) to include industrial banks among financial institutions eligible for insurance under the Federal Deposit Insurance Act. Section 703(d) of Public Law 97–320 provided the amending language as follows:

(d) Section 109(b)(2) of title 11, United States Code, is amended by striking out "or" before "credit union", and by inserting ", or industrial bank or similar institution which is an insured bank as defined in section 3(h) of the Federal Deposit Insurance Act (12 U.S.C. 1813(h))" after "credit union."

That language compels the conclusion that only an industrial bank with FDIC insurance is excluded from eligibility as a debtor under the Bankruptcy Code. The appellant industrial bank does not have such insurance. Accordingly, the bankruptcy judge's dismissal on that basis was error.

■ The Commissioner contends that the bankruptcy judge's dismissal under 11 U.S. C. § 305 is not reviewable because of Section 305(c). That contention is supported by *Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542 (7th Cir.1985) in which the court said:

This court has found the statutory prohibition of appellate review of abstention decisions to be clear, and therefore con-

clusive. *In re Covey,* 650 F.2d 877, 880 (7th Cir.1981). No exceptions to the prohibition were provided by Congress ... Once [the bankruptcy] court determined it had jurisdiction, the decision whether to abstain became an unreviewable exercise of discretion.

762 F.2d at 555–56.

That reliance on the literal language of this subsection is too restrictive. After the Supreme Court invalidated the broad grant of jurisdiction accorded bankruptcy courts in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), Congress restructured the bankruptcy system to ensure the bankruptcy courts were not delegated functions which are constitutionally limited to Article III judges.

An essential feature of the new system was the provision for original jurisdiction in the district courts over all Title 11 cases. 28 U.S.C. § 1334(a). The district courts are authorized to refer these cases to bankruptcy judges, 28 U.S.C. § 157(a), who can hear and determine the cases and enter appropriate orders and judgments. 28 U.S.C. § 157(b). The district courts retain jurisdiction to hear appeals from final orders, judgments and decrees, 28 U.S.C. § 158(a), and to withdraw the reference to a bankruptcy judge of a case or proceeding. 28 U.S.C. § 157(d).

Section 305 does not comport with this careful delineation of functions. If "court" is read to mean bankruptcy judge, the unreviewable power to dismiss would be in contravention of *Marathon Pipeline,* 458 U.S. at 77 and n. 20, 102 S.Ct. at 2874–75 and n. 20. The *Marathon* Court noted even district court review of bankruptcy decisions does not ensure constitutionality. 458 U.S. at 86, n. 39, 102 S.Ct. at 2879, and n. 39.

Several bankruptcy judges have declined to act under Section 305 because the action would be unreviewable. In *In re Aaronics Equipment Rentals and Sales, Inc.,* 56 B.R. 297 (Bankr.M.D.La.1985), the judge noted:

> If a decision is, by statute, 'not reviewable by appeal or otherwise,' then logically the decision cannot be made by an official whose legitimacy depends upon authoritative review of his actions. Therefore, a bankruptcy judge cannot determine an abstention issue under 11 U.S.C. § 305.

56 B.R. at 299

These concerns were echoed in *In re Pankau,* 65 B.R. 206 (Bankr.N.D.Ill.1986). "[T]his court notes that it lacks the power to enter a final judgment under Section 305(a). This is because Section 305(c) is not reviewable by appeal or otherwise. 65 B.R. at 206.

The courts in *Pankau* and *Aaronics* avoided the constitutional problem by viewing the provision as directed to the district court. In *Aaronics,* the statutory language "the court" was interpreted to mean "the district court," since all jurisdiction is vested in the district court and only the district judge has Article III status. In *Pankau,* the Section 305 motion was treated as a noncore related proceeding, for which the bankruptcy judge prepared a recommendation for the district Court. The reasoning in these cases is persuasive. In this court's view, a bankruptcy judge has no power to enter an order dismissing a case under Section 305. Accordingly, the motion to dismiss on that ground was improperly determined by the bankruptcy judge and such a motion should be presented only with a motion to withdraw an order of reference to the bankruptcy judge under 28 U.S.C. § 157(d). Accordingly, the dismissal under Section 305 is not appropriately before this court and that order of the bankruptcy judge must be set aside.

Upon the foregoing, it is

ORDERED that the order of dismissal pursuant to 11 U.S.C. § 109(b)(2) is reversed and the order of dismissal under 11 U.S.C. § 305 is vacated. This matter is remanded to the bankruptcy judge for further proceedings.