In re TRI–COUNTY FARM EQUIP-
MENT CO., INC., Debtor.

KANSAS BANKERS SURETY
COMPANY, Appellant,

v.

TRI–COUNTY FARM EQUIPMENT
CO., INC., Appellee &
Cross–Appellant.

Bankruptcy No. 87–40569–7.
Civ. A. No. 87–2377–S.

United States District Court,
D. Kansas.

June 7, 1988.

Alan V. Johnson, Martha A. Peterson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for appellant.

Gordon Myerson, Kansas City, Mo., for Creditor SLC.

Michael E. Whitsitt, Overland Park, Kan., Randolph G. Willis, Kenneth C. Jones, Watson, Ess, Marshall, & Enggas, Oalthe, Kan., for appellee and cross appellant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is an appeal from the bankruptcy court's dismissal of appellant Kansas Bankers Surety Company's (KBS) petition for involuntary bankruptcy against alleged debtor Tri–County Farm Equipment Company (Tri–County). The bankruptcy court dismissed the petition on several grounds, including (1) KBS was not a proper petitioning party under 11 U.S.C. § 303, and (2) abstention was proper under 11 U.S.C. § 305. KBS appeals the dismissal, and Tri–County appeals the bankruptcy court's refusal to award damages, fees and punitive damages under 11 U.S.C. § 303(i).

### I.

Tri–County was a John Deere Company retail dealership in Olathe, Kansas, which was owned by Gene Mohr and James Loyd. As part of their relationship, John Deere and Tri–County would enter into agreements by which John Deere held a security interest in all implements and equipment sold on credit by Tri–County. John Deere also held a lien on the implements and equipment that constituted the inventory of Tri–County.

Tri–County's status as a John Deere dealer was terminated on April 25, 1983, at which time Tri–County ceased doing business. Tri–County surrendered its inventory and equipment to John Deere, which liquidated these items and applied the proceeds to debts due and owing to John Deere by Tri–County. The alleged amount of this debt as of June 1986 was $2.4 million.

As it turns out, co-owner James Loyd had been embezzling money from Tri–County for years. He was subsequently charged with criminal offenses arising out of this activity, for which he was convicted and sentenced to prison. The embezzlement scheme was accomplished through several methods, including forged endorsements on checks. These checks were all paid through First National Bank of Olathe and State Bank of Stanley, Kansas. KBS and Fidelity and Deposit of Maryland (F & D) are two surety companies that insured these banks.

Tri–County sued the banks for conversion of funds in the fall of 1983, and, in separate actions, received a judgment against them, one for $450,000 (First National Bank) and one for $242,452 (Bank of Stanley). KBS defended both these lawsuits, with F & D assisting in the First National Bank suit. KBS paid a substantial portion of the award against First National Bank and paid the entire award against the Bank of Stanley.

In another lawsuit filed October 31, 1984, John Deere sued Tri–County, Loyd, and the banks, but service was never attempted nor obtained on Tri–County. KBS conducted the defense of Bank of Stanley in this action. John Deere eventually received $340,000 in this lawsuit, a substantial portion of which was paid by KBS. As part of

the settlement in this case, John Deere assigned to F & D and KBS the claims it had against Tri–County, Mohr, and Randy Willis, attorney for Mohr, Loyd, and Tri–County.

In July 1985, First National Bank filed involuntary bankruptcy proceedings against Tri–County, Mohr, and Mohr–Loyd Leasing, an entity created by Mohr and Loyd. Additional creditors later joined as petitioning parties, including SLC of North America, Inc. and Executive Financial Services, Inc. (EFS), creditors having claims against Tri–County in excess of $900,000, and John Deere. This litigation will be referred to as *In re Tri–County I*. Subsequently, Tri–County settled with EFS and SLC, agreeing to assign to them any proceeds from the judgment against Bank of Stanley (the $242,452), subject to any attorney's lien. Tri–County further agreed to pay SLC and EFS $65,000 of funds being held in escrow as part of the money received by Tri–County in its suit against First National Bank. EFS and SLC agreed to withdraw as petitioning creditors in *In re Tri–County I* and to join with Tri–County and Mohr in a motion to dismiss the action.

Subsequently, EFS and SLC did move to dismiss the action, while KBS and F & D attempted to be substituted as petitioning creditors, having become successors-in-interest to the rights of John Deere. On June 3, 1986, the bankruptcy judge granted the joint motion to dismiss. In so doing, the bankruptcy court found that Tri–County was a party in a number of pending lawsuits concerning claims made by creditors. The judge decided that it would be unfair to the parties in those actions to move the dispute to the bankruptcy court. The court specifically found that KBS and F & D would not be prejudiced by the litigation pending in other courts. Therefore, the bankruptcy court abstained under 11 U.S.C. § 305, which states:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

. . . .

(c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise.

Specifically, the court found that "[t]he best interest of all the alleged debtors and creditors would be best served by [the] court abstaining from accepting jurisdiction. . . ." No appeal was taken from this ruling.

Within two weeks of this dismissal, KBS and F & D filed suit in state district court as assignees of John Deere's interests against Tri–County, Mohr, and attorney Randy Willis. In September 1986, F & D dismissed all its claims and KBS dismissed without prejudice its claims against Mohr and Willis, leaving Tri–County as a defendant. F & D thereafter filed a lawsuit in this district against Mohr, Willis, and Tri–County. That case is pending, as is KBS' case in state court against Tri–County. On April 7, 1987, KBS filed its petition for involuntary bankruptcy against Tri–County. On July 24, 1987, the bankruptcy court found that a bona fide dispute existed regarding the alleged debt owed KBS by Tri–County, thereby dismissing the case under 11 U.S.C. § 303(b)(1). The court alternatively abstained from jurisdiction under 11 U.S.C. § 305, although the court cited no particular factual basis for abstention. This timely appeal followed.

## II.

The first issue raised by KBS is that the bankruptcy court does not have the constitutional or statutory power to make a final decision to abstain under 11 U.S.C. § 305. Tri–County argues that the court need not reach this issue if dismissal under 11 U.S.C. § 303 was proper, or if the dismissal in June 1986 operates to bar the present appeal under the doctrine of res judicata. Because this issue is likely to arise in the future, and because it was the basis for the bankruptcy court's dismissal in 1986 and an

alternative ground for dismissal in the present case, the court finds that it should address the bankruptcy court's authority to abstain.

A good starting point is new Bankruptcy Rule 5011, *Withdrawal and Abstention from Hearing a Proceeding*, added in 1987. In relevant part, the Rule states, "Unless a district judge orders otherwise, a motion for abstention pursuant to 28 U.S.C. § 1334(c) shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion." In 28 U.S.C. § 1334(c), Congress directed the district court to abstain from jurisdiction with respect to claims in a bankruptcy proceeding that are based upon state law, are related to a case under Title 11 but do not arise under Title 11, and could not have been commenced in a court of the United States absent jurisdiction under section 1334, as long as the claims can be timely adjudicated in a state forum. The editor's comment to Rule 5011 is relevant here:

It should be noted that this rule does not apply to any motion to abstain [in] a case pursuant to § 305 of the Code. The Committee notes indicate that the power of the Bankruptcy Judge to deal with such motions shall be left to judicial decisions. This is an unfortunate approach, and there should not be any reason why, in the case of a general reference pursuant to 28 U.S.C. § 157, the Bankruptcy Judge should not be able to determine and rule on the motion to abstain pursuant to § 305 of the Code.

■ The Tenth Circuit Court of Appeals has not determined whether the bankruptcy court has the final authority to abstain under section 305. Several courts of appeals have assumed without discussion that a bankruptcy judge has the authority to issue a nonappealable order under section 305. *See Ford Motor Co. v. Transport Indemnity Co.*, 795 F.2d 538 (6th Cir.1986); *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3d Cir.1985). Other courts have held outright that the authority granted in section 305 belongs to the bankruptcy court. *E.g., In re Cash Currency Exchange, Inc.*, 762 F.2d 542, 555–56 (7th

Cir.), *cert. denied,* 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1986). Yet other courts have expressly denied the bankruptcy court's power to enter final orders under section 305. *E.g., In re Colorado Industrial Bank of Loveland,* 85 B.R. 855 (D.Colo.1988) (available in Westlaw, 1988 WL 47715). The court agrees with the analysis in *Colorado Industrial Bank* to the effect that a literal reading of section 305, giving the bankruptcy court an unreviewable power to dismiss a case, would be inconsistent with Article III of the United States Constitution, which requires that the essential attributes of judicial power remain in an Article III court and cannot be given to an adjunct such as the bankruptcy court. *See Northern Pipline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 77 n. 29, 102 S.Ct. 2858, 2874, n. 29, 73 L.Ed.2d 598 (1982) (plurality opinion of Brennan, J.). Because all bankruptcy cases are originally filed in the United States District Court, *see* 28 U.S.C. § 1334(a), which in turn may delegate the case to the bankruptcy court, *see* 28 U.S.C. § 157(a), dismissal of the case, which is certainly an essential attribute of judicial power, must be subject to review in the district court. *See* 28 U.S.C. § 158(a) (district court retains jurisdiction to hear appeals from final orders, judgments, and decrees). Therefore, a nonreviewable order dismissing a case under section 305 refers to an order of the district court.

■ The court is not prepared to determine whether the bankruptcy judge should frame a decision to dismiss as a recommendation to the district court, or whether the judge can issue a final order which is then appealable to the district court. The *Colorado Industrial Bank* court held that a motion to dismiss a bankruptcy case cannot be heard by the bankruptcy judge, but rather should be filed in the district court along with a motion for withdrawal of reference under 28 U.S.C. § 157(d). Several bankruptcy courts have also held that the bankruptcy judge cannot even hear a motion to dismiss in the first instance. *In re Pankau,* 65 B.R. 204 (Bankr.N.D.Ill.1986); *In re Aaronics Equip. Rentals and Sales, Inc.,* 56 B.R. 297 (Bankr.M.D.La.1985).

The court does not believe such a restrictive approach is appropriate. Congress has recognized that the bankruptcy courts are better equipped to handle certain issues, subject to review by the district court. The court believes that a decision under section 305 involves the utilization of certain expertise for which some direction from the bankruptcy court would be of much value. Therefore, whether that direction comes from a recommendation (as in abstention under 28 U.S.C. § 1334(c), *see* Bankruptcy Rule 5011) or from an appeal of an order of the bankruptcy court, the practical effect is the same. As a matter of procedure, it would seem more efficient to use the procedure outlined in Bankruptcy Rule 5011 for dismissals under section 305, but the court does not intend in this Memorandum and Order to implement such a requirement.

 The court therefore finds that the issue of abstention under 11 U.S.C. § 305 is properly before the court on appeal. The court also disagrees with Tri-County's assertion that KBS has somehow waived its right to appeal or acquiesced in the bankruptcy court's decision to dismiss, based on KBS' alleged conduct in other cases. The court also does not believe that the petition for involuntary bankruptcy is barred under res judicata by the prior dismissal of the involuntary bankruptcy case in 1986. The litigation pending in other courts is sufficiently volatile that the second petition did not arise under the same factual circumstances as the first.

Arriving then at the merits of the bankruptcy court's dismissal, the court finds that the bankruptcy court properly held that KBS' alleged claim against Tri-County is the subject of a bona fide dispute. The court has thoroughly reviewed the parties' briefs and the pleadings filed in other lawsuits involving these parties, and it appears that Tri-County has colorable defenses to KBS' claims, specifically John Deere's alleged wrongful conduct concerning the operation of Tri-County as a John Deere dealership and the liquidation of Tri-County's assets. The court cannot say that the bankruptcy court's determination on the factual existence of a bona fide dispute is clearly erroneous.

Based on the finding above, it is unnecessary to comment on the merits of the bankruptcy court's alternative dismissal under 11 U.S.C. § 305 although, as explained previously in this Memorandum and Order, it is appropriate to discuss the underlying authority for a bankruptcy ruling under that statute.

Finally, Tri-County has appealed the bankruptcy court's refusal to award costs and fees to Tri-County under 11 U.S.C. § 303(i) for the filing of a frivolous petition. The court finds no error in this decision.

IT IS BY THE COURT THEREFORE ORDERED that the bankruptcy court be AFFIRMED.