**In re K O TRUCKING COMPANY, INC., Debtor.**

**K O TRUCKING COMPANY, INC., Plaintiff–Appellee,**

v.

**GROUND CONTROL, INC., and Olson Transportation, Inc., Defendants–Appellants.**

Civ. A. No. 88–AR–1816–E.
Bankruptcy No. 87–49240.
Adv. No. 88–0493.

United States District Court,
N.D. Alabama, E.D.

Nov. 29, 1988.

Thomas J. Knight, Anniston, Ala., for plaintiff-appellee.

Thomas E. Reynolds, Birmingham, Ala., for defendants-appellants.

## MEMORANDUM OPINION

ACKER, District Judge.

This court has for consideration the applications of Ground Control, Inc. and Olson Transportation, Inc., for leave to appeal a bankruptcy court order denying their motion to dismiss. These applications are brought pursuant to 28 U.S.C. § 158(a), which provides in part:

[D]istrict courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, *with leave of the court,* from interlocutory orders and decrees of bankruptcy judges entered in cases and pro-

ceedings referred to the bankruptcy judges under § 157 of this title. (emphasis supplied).

Accordingly, defendants must obtain permission from this court in order to take an interlocutory appeal from a non-final bankruptcy court's order. *See* 1 King, *Collier on Bankruptcy,* ¶ 303.[6][a] (1988); *In Re Looney,* 823 F.2d 788 (4th Cir.1987).

This court also has for consideration the alternative motion of Olson, filed on November 18, 1988, asking this court to withdraw the reference with respect to this adversary proceeding and to abstain in the controversy between K O and Olson, leaving its resolution to a state forum.

A putative or "would be" appellant, like an appellant of right, has the responsibility of submitting an adequate record to the ruling court. The record here does not contain a copy of the adversary proceeding or complaint by K O against Olson and Ground Control, making the substance of the claim or claims no more than ascertainable by hearsay dehors the record.

*Facts Deduced from the Record and Briefs.*

K O Trucking Company, Inc., plaintiff in the adversary proceeding, is a debtor-in-possession in the bankruptcy pending in the Northern District of Alabama, Eastern Division. K O seeks collection of accounts receivable allegedly due it from Olson and Ground Control. K O's theories of recovery are state law theories. Defendants are not residents of the State of Alabama and have not conducted business in the State of Alabama. Ground Control is a Delaware corporation with its principal office in Denver, Colorado. Olson is a Delaware corporation with its principal office in the State of Wisconsin. Both defendants filed motions to dismiss, contending that the bankruptcy court lacked subject matter jurisdiction and lacked personal jurisdiction. Thereafter, both defendants filed amended motions to dismiss. On September 28, 1988, the bankruptcy court denied both these amended motions to dismiss. Both defendants filed a petition for leave to appeal the interlocutory bankruptcy court order and a notice of appeal which would admittedly be ineffectual if leave is not granted. Recently, defendants took the alternative position that the reference should be withdrawn and this court, sitting in bankruptcy, should abstain.

*Applicable Law.*

In order to determine whether an interlocutory appeal is appropriate, the district court must apply a three-prong test as set out in 28 U.S.C. § 1292(b). The court must analyze whether (1) the order in question involves a controlling question of law; (2) this controlling question of law presents substantial grounds for difference of opinion; and (3) an immediate appeal from the order in question may materially advance the ultimate termination of the litigation. In this case, both grounds asserted by defendants in their amended motions to dismiss and reasserted here in their petitions for leave to appeal are controlling questions of law which may materially advance the ultimate termination of the litigation. The crucial issue, however, is whether these questions of law raise substantial grounds for a difference of opinion.

First, defendants claim that the bankruptcy court lacks personal jurisdiction because the defendants have no minimum contacts with the forum state. The courts have consistently rejected applying the minimum contacts test to bankruptcy jurisdiction. *See B.W. Development Company, Inc.,* 49 B.R. 129, 131–32 (Bankr.W.D.Ky. 1985) (the minimum contacts doctrine of International Shoe and its progeny has no relevance to federal bankruptcy jurisdiction, and Congress has provided for nationwide service of process); *In Re Coby Glass Products Company,* 22 B.R. 961, 963 (Bankr.D.C.R.I.1982) (agreeing with various decisions holding that the minimum contacts test is inapplicable in bankruptcy proceedings); *In Re Nixon Machinery Company,* 15 B.R. 131, 134–35 (Bankr.E.D. Tenn.1981) (holding that the minimum contacts test is inapplicable in determining bankruptcy jurisdiction of the federal courts).

■ Furthermore, Bankruptcy Rule 7004(d) provides:

*NATIONWIDE SERVICE OF PROCESS.* The summons and complaint and all other process except a subpoena may be served anywhere in the United States. Rule 7004 clearly provides nationwide service, and thereby allows bankruptcy courts *in personam* jurisdiction over any party located in the United States, whether or not that party has any or no contacts with the forum state. Accordingly, this question of law offers no substantial dispute that would call for an interlocutory appeal.

In addition, defendants request this court to determine whether or not Bankruptcy Rule 7004(d) violates "due process." Neither defendant made this contention in its amended motion to dismiss and, therefore, the present request comes too late. This court not only is precluded from considering an issue not raised in the court below, but the court would disagree with defendants if it could.

Defendants also contend that the bankruptcy court lacks subject matter jurisdiction. Defendants allege that there is a significant split of authority on the question of whether a debtor's claim for accounts receivable is a "core proceeding" for bankruptcy purposes. While defendants are correct in asserting that the courts are split over whether an accounts receivable is a core or a non-core proceeding, this classification has no bearing on the subject matter jurisdiction of the bankruptcy court, but rather, requires a bankruptcy judge to classify a matter as a core proceeding or a non-core proceeding *only* to determine the appropriate standard of appellate review. *See In Re Aaronics Equipment Rental and Sale, Inc.,* 56 B.R. 297 (Bankr.M.D.La.1985) (classification of proceeding as related proceeding or as a core proceeding has no relationship whatever to jurisdiction of bankruptcy court). The classification of a matter as a core proceeding or as a non-core proceeding has relevance only to determine whether or not the bankruptcy judge issues the final order in the proceeding, or whether the bankruptcy judge issues findings of facts and conclusions of law upon which the district court then enters a final order after an appropriate proceeding. *Id. See also Acolyte Electric Corp. v. City of New York,* 69 B.R. 155 (Bankr.E.D.N.Y.1986) (if there is uncertainty or a dispute regarding the classification of a matter as either a core or a non-core proceeding, the bankruptcy judge must determine the appropriate classification). Such a determination may be made *sua sponte* or on a motion of a party. The 1984 amendments make it clear that a matter shall not be deemed a non-core proceeding solely because its resolution may be affected by state law. A non-core proceeding that is otherwise related to a bankruptcy case may be heard by a bankruptcy judge nonetheless (citing B. Weintraub and A. Resnick, *Bankruptcy Law Manual* 6-15–6-20). Accordingly, defendants' subject matter jurisdiction contention does not raise an issue of law subject to a substantial difference of opinion.

These principles of law make it equally clear that there is no compelling reason to do indirectly what the court should not do directly, namely, withdraw the reference.

### Conclusion

For the above-stated reasons, by separate order the applications for leave to appeal under 28 U.S.C. § 158(a) filed by defendants, Ground Control, Inc. and Olson Transportation, Inc., will be denied and the motion to withdraw the reference will likewise be denied.