**In the Matter of AXONA INTERNATIONAL CREDIT & COMMERCE LIMITED (FORMERLY BANCOM INTERNATIONAL LIMITED), Debtor.**

**CHEMICAL BANK, Appellant,**

v.

**Albert TOGUT, as Chapter 7 Trustee of Axona International Credit & Commerce Limited, and Michael J. Johnson and Eoghan M. McMillan, as Hong Kong Liquidators of Axona International Credit & Commerce Limited, Appellees.**

**No. 259, Docket 90–5036.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 10, 1990.

Decided Jan. 18, 1991.

Henry L. Goodman, New York City (Harold N. Schwinger, Andrew D. Gottfried and William H. Schrag, Zalkin Rodin & Goodman, of counsel), for appellant.

Melvin A. Brosterman, New York City (Daniel H. Golden and Nancy Hirschmann, Strook & Strook & Lavan, of counsel), for appellee Togut.

Mark P. Friedman, New York City (Thomas J. Moloney and Joseph Lamport, Cleary, Gottlieb, Steen & Hamilton, of counsel), for appellees Johnson and McMillan.

Before PRATT, MAHONEY and WALKER, Circuit Judges.

WALKER, Circuit Judge:

As briefed and at oral argument, a principal issue presented was our jurisdiction to hear this appeal and, more specifically, whether and to what extent 11 U.S.C. § 305(c)'s prohibition of review of a bankruptcy court's order to dismiss or suspend a United States bankruptcy proceeding under 11 U.S.C. § 305(a) survived the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *Marathon* seriously questioned the constitutionality of the exercise of federal judicial power by non-Article III courts such as the bankruptcy courts without review by Article III courts. While this case was *sub judice*, however, Congress amended 11 U.S.C. § 305(c) as part of the Judicial Improvements Act of 1990, Pub.L. 101–650, to meet with *Marathon's* concerns. Section 305(c) now permits district court review of a bankruptcy court's § 305(a) dismissal or suspension order, while specifically prohibiting further review by the courts of appeals and the

Supreme Court. Under the new amended statute we are expressly deprived of appellate jurisdiction and we dismiss the appeal accordingly.

## BACKGROUND

Axona International Credit and Commerce Ltd., a Hong Kong registered deposit taking company, suffered financial collapse in November 1982 due to the demise of Dollar Credit Co., a larger deposit taking company, that cut off lines of credit to Axona as well as other smaller unrelated deposit taking companies. Upon learning of Axona's plight, several United States creditors, including appellant Chemical Bank, took steps to improve their positions. Some moved in state court to attach Axona's United States bank accounts. Chemical promptly engaged in a transaction with Axona whereby a three million dollar loan outstanding to Chemical Hong Kong was "sold" to Chemical New York, which then "deemed itself insecure" and set off its claim against a three million dollar cash collateral account provided by Axona to Chemical New York after its financial collapse.

In February 1983, bankruptcy proceedings commenced in Hong Kong, Michael Johnson and Eoghan McMillan were appointed to liquidate the company pursuant to the Hong Kong Companies Ordinance. Realizing they would have to commence a United States bankruptcy proceeding to recover assets held by creditors in this country, they filed an involuntary Chapter 7 action against Axona in the Bankruptcy Court of the Southern District of New York pursuant to 11 U.S.C. § 303(b)(4). That provision authorizes a foreign representative of an estate in an ongoing foreign proceeding to commence a full involuntary case in the United States. A United States trustee, Albert Togut, was appointed, and he commenced adversary proceedings against creditors, including Chemical, under 11 U.S.C. §§ 542, 547 and 553 to avoid the preferential transfers made to them and to recover money for Axona's estate. Chemical eventually settled with the trustee, agreeing to pay the estate 2.7 million dollars, but reserved its right to challenge the bankruptcy court's jurisdiction over Axona's estate.

In 1986 the trustee and the Hong Kong liquidators jointly petitioned the bankruptcy court to suspend the proceedings in the Southern District of New York under 11 U.S.C. § 305(a), and to transfer the accumulated estate to the Hong Kong liquidators for distribution to Axona creditors registered in the Hong Kong proceeding. Over Chemical's opposition, the bankruptcy court ordered the suspension and transfer. *See Matter of Axona International Credit & Commerce Ltd.*, 88 B.R. 597 (Bankr.S.D. N.Y.1988). Chemical appealed the suspension order to the district court, and the trustee and liquidators moved to dismiss on the ground that under § 305(c) the order was not reviewable. The district court ruled the order appealable and affirmed the bankruptcy court's suspension and distribution order. Chemical's appeal to this court followed, accompanied by the trustee and liquidators' continued objection to our jurisdiction to hear it.

## DISCUSSION

11 U.S.C. § 305(a) allows a court after notice and a hearing to dismiss or suspend a United States bankruptcy case at any time if such action would better serve the interests of creditors or the debtor, or if it would assure the estate's expeditious administration in a pending foreign proceeding.[1] At the time this appeal was filed 11

---

**1.** 11 U.S.C. § 305(a) and (b) read as follows:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or (2)(A) there is pending a foreign proceeding; and (B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.

(b) A foreign representative may seek dismissal or suspension under subsection (a)(2) of this section.

11 U.S.C. § 304(c), referenced in § 305(a)(2)(B), reads:

In determining whether to grant relief under subsection (b) of this section, the court shall

U.S.C. § 305(c) stated that orders under § 305(a), either granting or refusing such dismissals and suspensions, are "not reviewable by appeal or otherwise."[2] The question originally posed to us, then, was whether we should enforce the seemingly straight-forward language of § 305(c) and dismiss for want of appellate jurisdiction Chemical's appeal to this court from the district court's review of the bankruptcy court's suspension order, and indeed, conclude that the district court should not have reviewed it, notwithstanding the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which called into question the section's blanket prohibition of review by Article III courts of final bankruptcy court decisions.

Section 305(c) was enacted as part of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2549. That Act ushered in sweeping changes in bankruptcy jurisdiction, effectively removing jurisdiction of cases arising under Title 11 and any related civil proceedings from the district courts in favor of newly created "independent" bankruptcy courts. *Marathon*, 458 U.S. at 80 n. 31, 102 S.Ct. at 2876 n. 31, (quoting H.R.Rep. No. 95–595, at 7, U.S.Code Cong. & Admin.News 1978, p. 5968). The Act's jurisdictional structure was challenged in *Marathon* on the ground that it unconstitutionally vested jurisdiction of "all 'essential attributes' of the judicial power of the United States," 458 U.S. at 84–85, 102 S.Ct. at 2878 (citations omitted), in non-Article III judges—that is, judges who are not appointed for life and whose salaries can be lowered by Congress. The Supreme Court agreed, noting, among other things, that

although judicial functions such as fact finding had been permissibly delegated to non-Article III courts and personnel in the past—such as in the Federal Magistrates Act upheld in *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)—such functions were always subject to *de novo* review by the district courts. "In short the ultimate decisionmaking authority respecting all pretrial motions clearly remained with the district court." *Marathon*, 458 U.S. at 79, 102 S.Ct. at 2875–76. By contrast the Bankruptcy Reform Act vested "all essential attributes" of the judicial power of the United States in the bankruptcy courts, including jurisdiction over civil proceedings related to bankruptcy cases and the power to issue orders and judgments appropriate for the enforcement of Title 11, including final judgments "which are binding and enforceable even in the absence of an appeal." *Id.* at 84–86, 102 S.Ct. at 2878–79.

In response to *Marathon*, Congress passed the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, codified in part at 28 U.S.C. §§ 157 and 158. Section 157(c) responds to the specific facts of *Marathon*, requiring bankruptcy courts to submit findings of fact and conclusions of law for *de novo* review by the district court in proceedings only "related" to title 11 bankruptcy proceedings. Section 158(a) accords regular appellate jurisdiction to the district courts over final and certified interlocutory orders, judgments and decrees entered by the bankruptcy courts. Section 158(d) confers jurisdiction over appeals from final decisions entered by district courts pursuant to § 158(a) to the courts of appeals. However, § 305(c)'s non-reviewability provision

be guided by what will best assure an economical, and expeditious administration of such estate, consistent with—

(1) just treatment of all holders of claims against or interests in such estate;

(2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding;

(3) prevention of preferential or fraudulent dispositions of property of such estate;

(4) distribution of proceeds of such estate substantially in accordance with the order prescribed by this title;

(5) comity; and

(6) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns.

**2.** 11 U.S.C. § 305(c), until recently amended, read as follows:

An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise.

was left untouched by Congress in its over-haul of the 1978 Act's jurisdictional structure, leaving bankruptcy court decisions to dismiss cases under § 305(a) not subject to any review by Article III courts either at the district or appellate level.

This state of affairs, seemingly at odds with the plurality opinion in *Marathon,* was resolved by some bankruptcy and district courts interpreting "court" in § 305(a) to mean "district court," thereby overcoming the Article III problem while avoiding application of 28 U.S.C. § 158, which governs appeals from bankruptcy courts. *See In re Aaronics Equip. Rentals and Sales, Inc.,* 56 B.R. 297 (Bankr.M.D.La.1985); *In re Pankau,* 65 B.R. 204 (Bankr.N.D.Ill. 1986); *In re Colorado Industrial Bank of Loveland,* 85 B.R. 855 (D.Colo.1988). The problem with this approach, however, was that there was never any indication from Congress that it did not intend for bankruptcy courts to issue § 305(a) orders.

 Congress has now acted to ensure Article III review of § 305(a) decisions by bankruptcy courts. Section 309(a) of the Judicial Improvements Act of 1990, P.L. No. 101–650, signed into law on December 1, 1990, amended § 305(c) as follows:

> (c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise *by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title* (amendment emphasized)

The enactment of this section has thus limited non-reviewability to the court of appeals and the Supreme Court and, by implication, left intact the possibility of district court review of § 305(a) decisions when made by the bankruptcy court. Such Article III review of bankruptcy court decisions removes any constitutional concerns presented by the predecessor section. Further review by the court of appeals and the Supreme Court is not constitutionally required. *See United States v. MacCollom,* 426 U.S. 317, 323, 96 S.Ct. 2086, 2090–91, 48 L.Ed.2d 666 (1976). In view of the enactment of this amendment, we must dismiss the case for want of appellate jurisdiction.

 While we find the application of 11 U.S.C. § 305(c), as amended, to be straightforward, we do question whether the section's drafters have carefully considered the full implications of § 305(c) non-reviewability in the context of cases such as this one. Section 305 appears to have been originally conceived as an abstention provision. The Senate report accompanying § 305 states: "This section recognizes that there are cases in which it would be appropriate for the court to decline jurisdiction. Abstention under this section, however, is of jurisdiction over the entire case" S.Rep. No. 95–989 at 35, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5821. Such abstention provisions in the bankruptcy context also appear at 28 U.S.C. §§ 1334(c) and 1452(b). These provisions permit a judge to refuse to assert jurisdiction over a case in favor of a proceeding in an alternate forum. Such abstention decisions are normally made at the outset of a case, before the abstaining court has acted to affect any of the parties' substantive rights and are, appropriately, unreviewable because they would place an unwarranted burden on scarce appellate resources and because the merits will be adjudicated elsewhere, from which an appeal will presumably then follow. *See* 28 U.S.C. §§ 1334(c)(2), 1452(b) (decisions to abstain not reviewable by courts of appeals by appeal or otherwise). *See also* 28 U.S.C. § 1447(d) (order remanding cases to state courts for lack of subject matter jurisdiction unreviewable). Despite Congress' apparent intent in enacting § 305(a) to create an abstention statute, together with accompanying non-reviewability, that section goes beyond what is commonly viewed as abstention—that is where a judge refuses at the outset of the case to assert jurisdiction. It allows a bankruptcy court to dismiss "at any time" any case "under this title", that is, any case under title 11, or any bankruptcy case, if such action would better serve the interests of a debtor or a creditor. Therefore § 305(a) permits a bankruptcy court to dismiss a full bankruptcy proceeding such as the one filed by Axona's trustee under § 303(b)(4) at any time, including after sub-

stantial rights of creditors such as Chemical have been affected by the gathering of assets into an estate and the setting aside of preferential transfers. In this case the court acting under § 305(a) effectively ordered a distribution of the estate by accompanying its dismissal with orders transferring the estate to Hong Kong for distribution in the ongoing proceeding there. If such a distribution order had occurred in a context outside § 305(a), for example under 11 U.S.C. § 726, it would have been appealable not only to the district court, but to the court of appeals as a "final" order in a bankruptcy case under 28 U.S.C. § 158(d). However, since such an order occurred in the context of a § 305(a) dismissal, § 305(c) as now amended makes the order unreviewable by the court of appeals. While this result, at least in the context of this case, appears anomalous, we are not empowered to rewrite the language of § 305(c) as amended. In the face of § 305(c)'s clear language and because the section avoids constitutional difficulties by permitting review of bankruptcy court decisions under § 305(a) to the district courts, the appeal must be dismissed. Appeal dismissed.