In re Margarita Leon HOLTZCLAW, Debtor.

Margarita Leon HOLTZCLAW, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a Woman's Place, Inc., Defendants.

Civ. No. S–91–0883–WBS.
Bankruptcy No. 90–27152–A–13.
Adv. No. 91–2059.

United States District Court,
E.D. California.

Aug. 20, 1991.

John D. Bessey, Hefner, Stark & Marois, Sacramento, Cal., for plaintiff.

Michael J. Brady, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Redwood City, Cal., for defendants.

## ORDER

SHUBB, District Judge.

Before the court is the June 6, 1991, Report and Recommendation of the United States Bankruptcy Court on defendant State Farm Fire and Casualty Company's ("State Farm") motion to abstain pursuant

to 28 U.S.C. § 1334(c)(1) & (2). State Farm objects to the report and recommendation.

The Report and Recommendation sets forth the posture of this case. On November 2, 1990, the debtor filed a petition under Chapter 13 of the United States Bankruptcy Code. On February 12, 1991, she filed and served an adversary complaint for declaratory judgment against State Farm for the purpose of determining the existence of coverage under two policies issued to her employer, A Woman's Place. Each policy provides $1,000,000 in coverage to its insured. The debtor claims entitlement to the full protection of the policies.

The Second Amended Chapter 13 Plan filed with the bankruptcy court sets forth the debtor's liability to various classes of creditors. The class IV creditors under that plan are composed of individuals who suffered injuries of varying degrees as a result of an automobile accident which occurred on March 12, 1990. Pursuant to the coverage allegedly available to the debtor under the insurance policies, her Second Amended Chapter 13 Plan presently provides for the claims of the Class IV claimants to be paid in full from the insurance proceeds.

In response to the adversary complaint, State Farm filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)(6) & (7), and a motion for abstention pursuant to 28 U.S.C. § 1334(c)(1) & (2). The bankruptcy court denied State Farm's motion to dismiss and recommends that its request for abstention also be denied. For the reasons stated below the court does not consider the report and recommendation because the bankruptcy court should have entered an order deciding the abstention issues raised.

*Mandatory Abstention under § 1334(c)(2)*

■ Until recently, § 1334(c)(2), governing mandatory abstention, read as follows: "Any decision to abstain made under this subsection is not reviewable by appeal or otherwise...." 28 U.S.C. § 1334(c)(2). Article I bankruptcy judges do not possess the constitutional power to render final decisions in cases which are not subject to review by an Article III judge. *See generally Northern Pipeline Constr. Co. v.*

*Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Thus, § 1334(c)(2)'s former statutory limitation on appeal made it constitutionally impermissible for a bankruptcy judge to issue a final nonappealable order. *In Re Ascher,* 128 B.R. 639 (Bankr.N.D.Ill.1991). Consequently, in matters raising a § 1334(c)(2) mandatory abstention question, bankruptcy judges were required to issue a report and recommendation to the district court. *See In Re Container Transport, Inc.,* 86 B.R. 804 (E.D.Pa.1988); *In Re Pankau,* 65 B.R. 204, 207–08 (1986); Bankr.Rule 5011(b).

■ However, Congress recently amended section 1334(c)(2) effective December 1, 1990, to provide: "Any decision to abstain or not to abstain made under this subsection is not reviewable by appeal or otherwise by the court of appeals under section 158(d)...." 28 U.S.C. § 1334(c)(2). "By providing that mandatory abstention orders are not reviewable specifically by the Court of Appeals, Congress clearly intended the limitation on appeals from mandatory abstention order applies only to orders of the District Court." *In Re Ascher,* 128 B.R. 639. Thus, inferentially, the statute creates a right to appeal to the district court thereby removing the constitutional impediment preventing a bankruptcy judge from issuing a final order in a mandatory abstention case. *Id.* "A decision by the bankruptcy court on a question of mandatory abstention is now a final order reviewable on appeal to the district court." *Id.;* *see also* Jenkins & Zuch, *Battling in Bankruptcy Court,* 38 Fed.Bar.News & J. 263, 266 (1991); *cf. Matter of Axona Intern. Credit & Commerce Ltd.,* 924 F.2d 31 (2nd Cir.1991). Amended § 1334(c)(2) supersedes the now contrary provisions of Bankruptcy Rule 5011(b). *Id.* at 266 n. 69.

■ The mandatory abstention issue in this matter arises out of the adversary complaint for declaratory relief filed by the debtor on February 12, 1991. This adversary action arose after the December 1, 1990, effective date of amended § 1334(c)(2). The court therefore concludes that the bankruptcy court should have issued an order rather than a report

and recommendation. This is procedurally significant for many reasons only one of which is that in this circuit, appeals from orders from the bankruptcy court may be heard either before the district court or the bankruptcy appellate panel. *See* Bankr. Rule 8001(e).

*Discretionary Abstention under § 1334(c)(1)*

Pursuant to 28 U.S.C. § 1334(c)(1), a district court may in its discretion abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Unlike mandatory abstention which applies only to noncore matters, discretionary abstention applies to both core and noncore matters. *In Re Ascher,* 128 B.R. 639. Although bankruptcy rule 5011(b) requires a bankruptcy judge to issue a report and recommendation on discretionary abstention issues, other courts that have considered the issue have found the rule to be in direct conflict with 28 U.S.C. § 1334(c)(1). *See, Id.* (citing *In Re Pankau,* 65 B.R. at 209 n. 6; *In re Williams,* 88 B.R. 187, 188 n. 2 (Bankr.N.D.Ill.1988)). These courts conclude that in the absence of any statutory limitation on appellate review, a bankruptcy judge may issue a final order with regard to discretionary abstention. *See, e.g., In Re Ascher,* 128 B.R. 639.

The court agrees. This circuit has not interpreted § 1334(c)(1) to curtail the availability of appellate review in discretionary abstention cases. *See, e.g., In Re Eastport Associates,* 935 F.2d 1071 (9th Cir.1991); *In Re Tucson Estates, Inc.,* 912 F.2d 1162 (9th Cir.1990). This is particularly true where, as here, the bankruptcy judge recommended not to abstain, rather than to abstain. *See In Re Cemetery Development Corp.,* 59 B.R. 115, 127 (Bankr.M.D.La. 1986). Similar to amended § 1334(c)(2), § 1334(c)(1) does not present a constitutional impediment to the authority of bankruptcy judges to enter final orders on questions involving discretionary abstention.

The court therefore concludes that the bankruptcy judge should have also issued a final order on the discretionary abstention question. To rule otherwise would create a situation where the bankruptcy judge would be required to issue an order on the mandatory abstention issue and a report and recommendation on the discretionary abstention. In cases such as this where both issues are raised in the same motion this practice would subject the parties to potentially conflicting rulings. The court believes that the more expeditious and uniform approach is to have both issues reviewed as orders which may be appealed to the district court or if the parties consent, to the bankruptcy appellate panel.

IT IS THEREFORE ORDERED that the report and recommendation of the bankruptcy court be, and the same is, hereby remanded. The bankruptcy court is directed to issue an order on the abstention issues raised by defendant's motion.