FILED

MAY 08 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP Nos. CC-13-1345-DKiKu |
| | CC-13-1538-DKiKu |
| NAZIE AZAM, | CC-14-1136-DKiKu |
| Debtor. | Bk. No. 13-14339-TA |
| | Adv. Nos. 13-01229-TA |
| NAZIE AZAM, | 13-01243-TA |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| US BANK NATIONAL ASSOCIATION, as Trustee Successor in Interest to Bank of America as Successor by merger to Lasalle Bank NA as Trustee for WaMu Mortgage Pass-Through Certificate Series 2006-AR12 Trust; BANK OF AMERICA NATIONAL ASSOCIATION as Successor by merger to Lasalle Bank NA as Trustee for WaMu Mortgage Pass-Through Certificate Series 2006-AR12 Trust; BANK OF AMERICA, NATIONAL ASSOCIATION; RUZICKA & WALLACE LLP; RICHARD S. SONTAG, ESQ.; DESS RICHARDSON, ESQ., | |
| Appellees. | |

Argued and Submitted on February 19, 2015
at Los Angeles, California

Filed - May 8, 2015

Appeals from the United States Bankruptcy Court
for the Central District of California

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

Appearances:    Nina R. Ringgold argued for Appellant Nazie Azam; Kerry Ann Moynihan of Bryan Cave LLP argued for Appellee Bank of America National Association; David D. Piper of Keesal, Young & Logan argued for Appellees US Bank National Association, as Trustee Successor in Interest to Bank of America as Successor by merger to LaSalle Bank NA as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust and Bank of America as Successor by merger to LaSalle Bank NA as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust; Richard S. Sontag of Ruzicka & Wallace, LLP on brief for Appellees Ruzicka & Wallace LLP, Richard S. Sontag, Esq. and Dess Richardson, Esq. ("Attorney Defendants").

Before: DUNN, KIRSCHER, and KURTZ, Bankruptcy Judges.

These three related appeals constitute but a small sample of Appellant Nazie Azam's litigation efforts to retain real property long after she stopped making payments on the underlying debt. The following orders, currently before this Panel for review, stem from two adversary proceedings Ms. Azam filed in her most recent bankruptcy[2] case:

(1) the bankruptcy court's order denying motion for temporary restraining order ("TRO Denial Order") (BAP No. CC-13-1345);

(2) the bankruptcy court's order dismissing Ms. Azam's adversary proceeding ("Abstention/Dismissal Order")(BAP No. CC-14-1136); and

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

(3) the bankruptcy court's order remanding a state court unlawful detainer action Ms. Azam had removed to the bankruptcy court ("Remand Order")(BAP No. CC-13-1358).

For the reasons set forth in this Memorandum, we DISMISS the appeal of the TRO Denial Order as moot and we AFFIRM the Abstention/Dismissal Order and the Remand Order.

## I. FACTUAL BACKGROUND

Distilled to their essence, the common underlying facts relevant to each pending appeal are as follows.

A.  Events Leading to Foreclosure

In August 2006, Ms. Azam borrowed $1.4 million ("Azam Loan") from Washington Mutual Bank, N.A. ("WaMu").  The Azam Loan was secured by a deed of trust ("DOT") against real property ("Property") in Laguna Niguel, California.  The named Trustee in the DOT was California Reconveyance Company ("CRC").

After WaMu failed, on January 14, 2009, JP Morgan Chase Bank, N.A. ("Chase") purchased the Azam Loan from the Federal Deposit Insurance Corporation ("FDIC") and executed an assignment of the DOT to LaSalle Bank, N.A. ("LaSalle Bank").[3]

Also on January 14, 2009, CRC as the Trustee of the DOT recorded a Notice of Default which stated that the Azam Loan was more than $42,000 in arrears.  CRC thereafter recorded, on April 17, 2009, a Notice of Sale which noticed a foreclosure sale ("Trustee's Sale") of the Property for May 6, 2009.

---

[3]  The full name of the assignee was LaSalle Bank, N.A., as trustee for WaMu Pass-Through Certificates Series 2006-AR12 ("WaMu Trust").

-3-

Ultimately, the Trustee's Sale ("Foreclosure") took place on December 8, 2009, and the Trustee's Deed Upon Sale ("Trustee's Deed") was recorded on December 21, 2009. The Trustee's Deed transferred title to the Property to Bank of America, N.A., as successor by merger to LaSalle Bank ("BANA Trustee"). In February 2011, Bank of America, N.A. ("BANA") sold its securitization trust administration business to US Bank National Association ("US Bank").

B.  Events after Foreclosure

After the Foreclosure, Ms. Azam began a broad and vigorous campaign to challenge the Foreclosure and to prevent BANA, and later US Bank, from exercising its rights with respect to the Property.

Between April 2, 2010 and July 10, 2010, four bankruptcy cases were filed in the Bankruptcy Court for the Central District of California which listed the Property as the address of the putative debtor:

(1) April 10, 2010 - an involuntary chapter 7 petition was filed against Mike Parris (Case No. 1-10-bk-13850-GM); this case was dismissed April 15, 2010. Attorney Defendants' Brief, p. 4.

(2) May 14, 2010 - an involuntary chapter 7 petition was filed against Linda Parris (Case No. 1-10-bk-15763-GM); this case was dismissed July 9, 2010. On June 30, 2010, during the pendency of the case, the bankruptcy court entered, on BANA's motion, an in rem order granting relief from the automatic stay as to the Property. Id.

(3) May 28, 2010 - Ms. Azam filed a voluntary chapter 7 petition

-4-

(Case No. 8-10-bk-17236-TA)("First Azam Bankruptcy), in which Ms. Azam received a chapter 7 discharge on September 15, 2010. On July 21, 2010, during the pendency of the First Azam Bankruptcy, the bankruptcy court entered an in rem order granting relief from the automatic stay as to the Property. This in rem order was entered on BANA Trustee's motion and over Ms. Azam's opposition.

(4) July 7, 2010 - Ms. Azam filed a voluntary chapter 13 petition (Case No. 8-10-19287-TA) ("Second Azam Bankruptcy"), while the First Azam Bankruptcy was still pending. The Second Azam Bankruptcy was dismissed on July 30, 2010. Attorney Defendants' Brief, pp. 4-5.

The litigation field widened to include the Orange County (California) Superior Court ("State Court") on July 2, 2010, when Ms. Azam filed an action against BANA in which she challenged the Foreclosure.[4] That action was dismissed on October 20, 2011. On May 16, 2011, Ms. Azam filed a second action against BANA in State Court, again challenging the Foreclosure.[5] The second action was dismissed on September 20, 2011.

C. Unlawful Detainer Action

BANA Trustee commenced an Unlawful Detainer Action on February 15, 2012. Ms. Azam, through counsel, filed an answer to the complaint on February 24, 2012. On March 15, 2012, the State

---

[4] Azam v. Bank of America, N.A., Orange County Superior Court Case No. 30-2010-00387022.

[5] Azam v. Bank of America, N.A., Orange County Superior Court Case No. 30-2010-00475258.

-5-

Court granted BANA Trustee's motion for summary judgment, and entered judgment for restitution of the Property ("Restitution Judgment") in favor of BANA Trustee and against Ms. Azam and all unnamed occupants.

Ms. Azam immediately moved for reconsideration of the order granting the summary judgment motion; she also filed an ex parte application for a stay of lockout under the Restitution Judgment. The state court denied both requests for relief on April 5, 2012.

Sometime thereafter, the Orange County Sheriff's Department posted the property with a notice to vacate, which led to the filing by Ms. Azam of yet another chapter 13 bankruptcy case ("Third Azam Bankruptcy") (Case No. 8:12-bk-20322-TA) on August 30, 2012. The Third Azam Bankruptcy also was short-lived. On October 9, 2012, the bankruptcy court granted BANA Trustee's motion for relief from stay, effective also as to successors, transferees and assigns, over Ms. Azam's opposition. The bankruptcy court then dismissed the Third Azam Bankruptcy on November 28, 2012.

After BANA Trustee had obtained relief from stay in the Third Azam Bankruptcy, Ms. Azam filed an action in the United States District Court for the Central District of California ("District Court") against BANA, BANA Trustee, and others regarding the Foreclosure. The District Court denied Ms. Azam's motion for a restraining order through which she sought protection from her upcoming eviction from the Property. Ms. Azam appealed the order of the District Court to the Ninth Circuit Court of Appeals, which affirmed.

Meanwhile, back in the Unlawful Detainer Action, the State Court granted US Bank's motion to substitute US Bank as plaintiff in place of BANA Trustee. A new writ for possession of the Property thereafter was issued in the name of US Bank by the Orange County Superior Court Clerk's office. This sparked, inter alia, Ms. Azam's motion in the Unlawful Detainer Action to vacate the Restitution Judgment and for other relief. Attorney Defendants' Brief at p. 5. Ms. Azam's April 4, 2013, appeal from the State Court's denial of this requested relief was still pending at the time the briefs in the appeals before this Panel were filed. Id. at pp. 5-6.

On April 17, 2013, the State Court entered a stay of execution of the Restitution Judgment pending appeal in favor of Ms. Azam, conditioned upon Ms. Azam posting by May 8, 2013 a bond in the amount of $58,790.32. Id. at p. 6. Rather than post the required bond, Ms. Azam removed the Unlawful Detainer Action to the District Court, which on April 30, 2013, summarily remanded the proceeding back to the State Court on the basis that removal had been improper. Id. In the inevitable appeal, on July 4, 2014, the Ninth Circuit Court of Appeals issued an order affirming the District Court's remand. Id.

On May 14, 2013, the State Court dissolved the stay pending appeal. Id. at p. 7. Ms. Azam appealed both that action and the order denying her subsequent re-application to vacate the Restitution Judgment. Id.

Having apparently used all of the State Court avenues she could think of, Ms. Azam again turned to the bankruptcy court. On

-7-

May 16, 2013, Ms. Azam filed a new chapter 13 case (Case No. 8:13-bk-14339-TA) ("Fourth Azam Bankruptcy"). An order granting US Bank's motion for relief from the automatic stay to allow eviction proceedings to continue in the State Court was entered July 22, 2013. Ms. Azam's appeal of that order is pending before the District Court.

D. The Orders on Appeal Before the Panel

All of the orders that are the subject of the appeals pending before the Panel were entered in connection with the Fourth Azam Bankruptcy.

The hearing on US Bank's motion for relief from stay in the Fourth Azam Bankruptcy was held on July 9, 2013. At that hearing, the bankruptcy court also addressed a motion Ms. Azam had filed to impose an automatic stay. The transcript from that hearing makes clear that Ms. Azam's motion to impose an automatic stay was denied on the technical basis that it was not timely made. Also at that hearing, counsel for Ms. Azam alluded to two adversary proceedings filed or to be filed: one in which Ms. Azam would seek a temporary restraining order with respect to the Unlawful Detainer Action; and a second in which the Unlawful Detainer Action would be removed to the bankruptcy court.

1. Adversary 13-1229

a. BAP No. CC-13-1345

On July 5, 2013, Ms. Azam filed Adversary Proceeding 13-1229 ("First Adversary Proceeding"). In the complaint ("Complaint") filed in the First Adversary Proceeding, Ms. Azam asserted eleven claims for relief, only one of which is based on bankruptcy law.

-8-

In her second claim for relief, Ms. Azam alleged that she is entitled to damages pursuant to § 362(k) against, inter alia, BANA and the Attorney Defendants that had pursued and/or were pursuing the Foreclosure and the Restitution Judgment. As to BANA, Ms. Azam alleged that although it was aware it was not identified on the Trustee's Deed, it nevertheless pursued relief from the automatic stay in the First Azam Bankruptcy and thereafter the Unlawful Detainer Action. As to each of the Attorney Defendants, Ms. Azam alleged that although they knew prior to the filing of the Unlawful Detainer Action that BANA had transferred all securitized trust business to US Bank, they nevertheless filed the Unlawful Detainer Action and obtained the Restitution Judgment in BANA Trustee's name.

The Complaint in the First Adversary Proceeding sets out Ms. Azam's alleged theory that any assignment of the DOT was fraudulent or not in compliance with various purchase and assumption agreements. Other than the § 362(k) claim for relief, the claims asserted in the First Adversary Proceeding Complaint are:

- For Declaratory, Injunctive, and Equitable Relief, For Cancellation of Void Instruments, To Determine Non-existence of Lien or Amount, and For Instruction to FDIC to Deliver Release of Lien Under § 2.5 of Purchase and Assumption Agreement

- Fraud (Concealment, Misrepresentation) and Negligent Misrepresentation

- Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)

- Discrimination In Violation of the Fair Housing Act (42 U.S.C. §§ 3601-3619)

- Violation of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, Thirteenth and Fourteenth Amendments

- Wrongful Eviction

- Violation of California Business and Professions Code § 17200 et seq.

- Abuse of Process

- Intentional Infliction of Emotional Distress

- Negligent Infliction of Emotional Distress

On July 10, 2013, the day after the hearing on the motion for relief from stay in the main case, Ms. Azam filed in the First Adversary Proceeding her application for a temporary restraining order and continuation or reinstatement of the automatic stay. On July 11, 2013, without a hearing, the bankruptcy court entered the TRO Denial Order, denying the application in its entirety:

> This is plaintiff debtor Nazie Azam's ("debtor") motion for issuance of a TRO and Order to Show Cause re Preliminary Injunction. Debtor seeks to restrain the defendants, which are a group of banks and mortgage trusts, from proceeding with eviction under a judgment in unlawful detainer and writ of possession obtained on or about April 9, 2013 from the Superior Court. Although the motion contains only sparse background detail, the court gathers that at some point in the recent past one or more of the defendant banks or entities purported to obtain title to the subject real property (never defined by address in the papers) through foreclosure. To make matters more complicated, this is not the first bankruptcy but rather the second, the first 12-bk-20322TA, having been already dismissed sometime in early 2013 or late 2012. A further complication appears in that the unlawful detainer judgment referenced is reportedly not the first but in fact the second such judgment, the first one having

-10-

resulted in issuance of a writ of possession March 19, 2012 in favor of Bank of American NT&SA as successor to LaSalle Bank as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust. It should be noted that there is no question of automatic stay since relief of stay was granted in both the first and the instant bankruptcy cases, and the court only within this last week also denied the debtor's motion to reinstate or continue the automatic stay in the instant case based on 11 U.S.C. § 362(c)(3)(B), since the stay already had lapsed and the reinstatement motion was filed late.

Instead, debtor attempts to stall eviction through the mechanism of a TRO. The problem is that there is very little likelihood of debtor prevailing on the merits. Debtor apparently does not deny having borrowed money from someone, apparently Washington Mutual Bank, FA, secured by a trust deed upon the subject property. She now claims that at the time this loan was transacted (no exact date is stated in the papers and no exhibits are attached, but one presumes August 7, 2006 as appears at ¶ 7 of debtor's declaration) that no entity bearing this exact name actually existed in the United States. From this premise she further contends that the lender had no power to either assign the loan and/or record a notice of default or otherwise to transact any business respecting the loan, and that the WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust, also identified as the beneficiary, was at that time past its "cutoff" as reportedly expressed in some unattached instrument. Debtor further contends that successor entities, be they JP Morgan Chase Bank, US Bank, or Bank of America, likewise are not properly within any chain of title and so cannot have standing now to prosecute an unlawful detainer action. Debtor seems to place great significance in the fact that the first unlawful detainer action was prosecuted by Bank of America in a representative capacity, which was not correct, and now the eviction is being prosecuted by US Bank likewise in a representative capacity but also incorrect (in debtor's estimation). The debtor also raises vague arguments of some kind of entitlement to rescue through some state or federal program, but she does not articulate details. She also apparently claims a right to negotiate directly with FDIC, the successor to Washington Mutual Bank which was seized in September 2008 and placed in receivership.

The court is not impressed. First, there is no other bank or entity representing that *it* owns the paper, so this is not a case where the debtor did not (or does not) know legitimately whom to pay. Rather, apparently

-11-

debtor has failed to make any payments to anyone for a considerable period of time. Second, whether there might have been some infirmity in chain of title either before or after foreclosure was an issue properly raised before the unlawful detainer court. That final judgment of possession obtained pre-petition is not subject to being revisited by this court as some sort of super appellate court. Under well-known principles of collateral estoppel, all issues actually raised *or* **that should have been raised** are now **res judicata**. Third, whether there might have been some error in the naming of the true party in interest either in the first or the second unlawful detainer judgment or writs of possession, is an issue that is remediable as a matter of state law (*see e.g.* C.C.P. §§ 473(d) and 475). In this post <u>Stern v. Marshall</u> world, it is simply not within the province of this court to intrude itself into a re-litigation of those mostly state law issues. If a correction is procedurally needed, it is for the state court to undertake. In sum, the court sees little or no likelihood of success on the merits and so it is unnecessary to weigh the other issues.

> *Deny.*

Ms. Azam filed a timely notice of appeal of the TRO Denial Order.

### b.    <u>BAP No. CC-14-1126</u>

Not long after it entered the TRO Denial Order, the bankruptcy court considered confirmation of Ms. Azam's chapter 13 plan in the Fourth Azam Bankruptcy main case. At the confirmation hearing, the bankruptcy court announced its decision to dismiss the Fourth Azam Bankruptcy. The dismissal order was entered September 11, 2013; that order was appealed to the District Court, which since has affirmed.

In the meantime, on October 28, 2013, Ms. Azam objected to the chapter 13 trustee's final report. The filing of the final account and discharge of the trustee suggests this objection was overruled. Also on October 28, 2013, Ms. Azam filed a motion to vacate the dismissal order and reinstate the Fourth Azam

-12-

Bankruptcy. Following a hearing held on November 20, 2013, the bankruptcy court denied that motion, and Ms. Azam promptly appealed to the District Court.

Meanwhile in the First Adversary Proceeding, the parties continued filing pleadings, including Ms. Azam's motion to withdraw the reference which the District Court denied. BANA Brief at p. 9 n.4. At a status conference held in the First Adversary Proceeding on January 30, 2014, the bankruptcy court observed that the Fourth Azam Bankruptcy had been dismissed and on that basis (1) denied various motions by the defendants to dismiss, and instead (2) dismissed the First Adversary Proceeding after determining abstention was appropriate. Ms. Azam appealed the entry of the six orders entered following the status hearing. The order with which we are really concerned in BAP No. CC-14-1136 is the Abstention/Dismissal Order entered on April 3, 2014.[6]

---

[6] The following additional orders were appealed by Ms. Azam and are part of BAP No. CC-14-1136. Each of these orders specified that it was being entered based upon the bankruptcy court's abstention in the First Adversary Proceeding.

- March 10, 2014 order denying the motions to dismiss the First Adversary Proceeding filed by the Attorney Defendants;

- March 10, 2014 order denying motions to dismiss the First Adversary Proceeding filed by BANA (as Trustee) and US Bank;

- March 10, 2014 order denying motion to dismiss the First Adversary Proceeding filed by BANA;

- March 10, 2014 order denying the motion of the Attorney Defendants to strike;

(continued...)

-13-

## 2. Adversary 13-1243

### a. BAP No. CC-13-1538

On July 23, 2013, Ms. Azam commenced Adversary Proceeding 13-1243 ("Second Adversary Proceeding"), by filing a notice of removal of the Unlawful Detainer Action to the bankruptcy court. Following the September 12, 2013 show cause hearing set by the bankruptcy court to discuss remand or abstention, the bankruptcy court entered the Remand Order and sent the Unlawful Detainer Action back to State Court on October 24, 2013, because the Fourth Azam Bankruptcy had been dismissed. Ms. Azam timely filed a notice of appeal with respect to the Remand Order.

## II.  JURISDICTION

We discuss below the bankruptcy court's jurisdiction in light of the dismissal of the Fourth Azam Bankruptcy. We have jurisdiction to decide these appeals under 28 U.S.C. § 158.

## III.  ISSUES

Whether these appeals are moot based on the dismissal of the Fourth Azam Bankruptcy.

Whether these appeals are moot based on Ms. Azam's removal from the Property in October 2013.

Whether the bankruptcy court abused its discretion when it abstained from exercising jurisdiction in the First Adversary Proceeding.

_____

[6](...continued)
- February 6, 2014 order denying the motions filed by Coldwell Banker and Bessie Blazejewski to dismiss the First Adversary Proceeding.

-14-

Whether the bankruptcy court abused its discretion when it remanded the Unlawful Detainer Action to the State Court from which Ms. Azam had removed it.

## IV.   STANDARDS OF REVIEW

"Mootness is a question of law reviewed de novo." Nelson v. George Wong Pension Trust (In re Nelson), 391 B.R. 437, 442 (9th Cir. BAP 2008). See also Suter v. Goedert, 504 F.3d 982, 985 (9th Cir. 2007).

"We review a bankruptcy court's determination of its jurisdiction de novo." In re G.I. Indus., Inc., 204 F.3d 1276, 1279 (9th Cir. 2000).

"Where bankruptcy jurisdiction can be exercised at the discretion of the court, review is for abuse of discretion." Sea Hawk Seafoods, Inc. v. State of Alaska (In re Valdez Fisheries Dev. Ass'n, Inc.), 439 F.3d 545, 547 (9th Cir. 2006), citing In re Castillo, 297 F.3d 940, 944-45 (9th Cir. 2002). "A bankruptcy court's determination regarding discretionary abstention is fundamentally a matter within the discretion of the court to be reviewed for abuse of discretion." In re Bankruptcy Petition Preparers Who Are Not Certified Pursuant to Requirements of the Arizona Supreme Court, 307 B.R. 134, 140 (9th Cir. BAP 2004). "Discretionary abstention under § 1334(c)(1) and remand on an equitable basis are reviewed for an abuse of discretion." Nogah Bethlahmy, IRA v. Kuhlman (In re ACI-HDT Supply Co.), 205 B.R. 231 (9th Cir. BAP 1997).

Review of an abuse of discretion determination involves a two-prong test; first, we determine de novo whether the

-15-

bankruptcy court identified the correct legal rule for application. See United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc). If not, then the bankruptcy court necessarily abused its discretion. See id. at 1262. Otherwise, we next review whether the bankruptcy court's application of the correct legal rule was clearly erroneous. We will affirm unless its findings were illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See id.

We may affirm the decision of the bankruptcy court on any basis supported by the record. See ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014); Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

## V. DISCUSSION

A. First Adversary Proceeding

1. The Appeal in BAP No. CC-13-1345 is Moot.

On July 11, 2013, the bankruptcy court entered the TRO Denial Order in the First Adversary Proceeding. Ms. Azam had sought the temporary restraining order so that she could remain in the Property until her disputes relating to the Foreclosure had been fully litigated. After BAP No. CC-13-1345 was filed, Ms. Azam sought a stay pending appeal, which this Panel denied on August 13, 2013.

Ms. Azam then moved the District Court to withdraw the reference in the First Adversary Proceeding; in conjunction with the motion to withdraw the reference, Ms. Azam also moved the District Court for a stay until resolution of all pending

-16-

appeals. The District Court denied both motions on or about November 1, 2013. In the meantime, on October 30, 2013, Ms. Azam was evicted from the Property.

In light of the completed eviction, we are not in a position to provide the relief sought via the appeal from the TRO Denial Order. Accordingly, the appeal in BAP No. CC-13-1345 is equitably moot.

Even if BAP No. CC-13-1345 was not moot because of the completed eviction, it became moot when the Fourth Azam Bankruptcy was dismissed.

> Under the law of this circuit, the bankruptcy court retains subject matter jurisdiction to interpret orders entered prior to dismissal of the underlying bankruptcy case, Beneficial Trust Deeds v. Franklin (In re Franklin), 802 F.2d 324, 326-27 (9th Cir. 1986), and to dispose of ancillary matters such as an application for an award of attorney's fees for services rendered in connection with the underlying action, see USA Motel Corp. v. Danning, 521 F.2d 117 (9th Cir. 1975). The bankruptcy court does not have jurisdiction, however, to grant new relief independent of its prior rulings once the underlying action has been dismissed. See Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.), 699 F.2d 963, 964 (9th Cir. 1982). See also Spacek v. Thomen (In re Universal Farming Indus.), 873 F.2d 1334, 1335 (9th Cir. 1989) (dismissal of underlying bankruptcy case moots all issues directly involving the debtor's reorganization, but not those ancillary to the bankruptcy).

Tsafaroff v. Taylor (In re Taylor), 884 F.2d 478, 481 (9th Cir. 1989). In Taylor, chapter 13 debtors sought to set aside a foreclosure sale on the basis that it violated the automatic stay. The Ninth Circuit ruled that the bankruptcy court no longer had jurisdiction to grant a request for relief from stay after the underlying chapter 13 case had been dismissed. It

-17-

follows that the bankruptcy court's authority to impose a restraining order to be based on Ms. Azam's bankruptcy-related claims also terminated once the Fourth Azam Bankruptcy was dismissed.

The bankruptcy court's denial of the TRO based on the lack of likelihood of success on the merits has been amply justified based on subsequent events, as summarized in the Factual Background discussion <u>supra</u>.

2. <u>The Bankruptcy Court Had Discretion to Abstain From Exercising Jurisdiction in the First Adversary Proceeding (BAP No. CC-14-1136)</u>.

In her opening brief filed with respect to BAP No. CC-14-1136, Ms. Azam contends that the dismissal of the Fourth Azam Bankruptcy did not automatically divest the bankruptcy court of jurisdiction over the First Adversary Proceeding. Appellant's Opening Brief at 18:5-6 and 18:15-17, citing <u>In re Carraher</u>, 971 F.2d 327 (9th Cir. 1992).

However, Ms. Azam then asserts that the bankruptcy court had no jurisdiction to issue the Abstention/Dismissal Order, dismissing the First Adversary Proceeding. In support of this assertion she cites <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56 (1982). Ms. Azam correctly states the rule of law posited by <u>Griggs</u>: "Once a notice of appeal is filed the court is <u>generally</u> divested of jurisdiction over the matters being appealed." (Emphasis added.) Ms. Azam then identifies six pending appeals which she contends acted to divest the bankruptcy court of jurisdiction over the First Adversary Proceeding:

(1) Her appeal No. 13-55729 pending in the Ninth Circuit

-18-

with respect to "civil rights removal";

(2) BAP No. CC-13-1345 - the appeal from the TRO Denial Order;

(3) Her appeal before the District Court from the bankruptcy court's order granting relief from the automatic stay to US Bank in the Fourth Azam Bankruptcy;

(4) Her appeal No. 14-55523 pending in the Ninth Circuit with respect to the dismissal of the Fourth Azam Bankruptcy;

(5) BAP No. CC-13-1358 - the appeal from the Remand Order entered in the Second Adversary Proceeding; and

(6) Her appeal before the District Court from the bankruptcy court's order denying reinstatement of the Fourth Azam Bankruptcy.

The jurisdiction at issue, however, is the bankruptcy court's jurisdiction over the First Adversary Proceeding. Only the appeal in BAP No. CC-13-1345 is from an order entered in the First Adversary Proceeding. Even if the appeal in BAP No. CC-13-1345 could serve to divest the bankruptcy court of all jurisdiction over the First Adversary Proceeding, we have already determined that BAP No. CC-13-1345 is moot, and was at the time the bankruptcy court issued the orders in the First Adversary Proceeding that are the subject of BAP No. CC-14-1136. More importantly, the filing of an appeal from the denial of injunction relief does not preclude a trial court from proceeding on the merits of litigation. See Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990)("Absent a stay, an appeal seeking review of collateral orders does not deprive the trial

-19-

court of jurisdiction over other proceedings in the case. . . .").  See also Martinez. v. Gonzales, 504 F. Supp. 2d 887, 892 (C.D. Cal. 2007).  No appeal was pending sufficient to deprive the bankruptcy court of jurisdiction to enter the Abstention/Dismissal Order in the First Adversary Proceeding.

Ms. Azam next asserts that the bankruptcy court had no "jurisdiction to abstain," because the District Court had denied her motion to withdraw the reference.  In her view, the District Court anticipated ongoing jurisdiction, which she appears to read as the ongoing exercise of jurisdiction by the bankruptcy court, when it refused to withdraw the reference.  Ms. Azam interprets the District Court's order as providing that the bankruptcy court could not, without District Court involvement, dismiss the First Adversary Proceeding.

Ms. Azam is incorrect.  In refusing to withdraw the reference, all the District Court did was leave jurisdiction over the First Adversary Proceeding with the bankruptcy court.  The bankruptcy court had discretion to determine whether it would exercise that jurisdiction.

28 U.S.C. § 1334(a) provides: "Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11." An order of reference authorizes a bankruptcy court to exercise title 11 jurisdiction.  See 28 U.S.C. § 157(a).  28 U.S.C. § 1334(c)(1) provides:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of

-20-

comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Where matters have been referred to the bankruptcy court, the bankruptcy court has the rights with respect to abstention otherwise provided to the district court. Further, this Panel has recognized the right of a bankruptcy court, sua sponte, to abstain permissively from hearing any matter. Evoq Props., Inc. v. Maddux (In re Meruelo Maddux Props., Inc.), 2013 WL 1615784 *7 (9th Cir. BAP, April 15, 2013).

It is well-settled in the Ninth Circuit which factors a bankruptcy court should weigh when it considers whether to permissively abstain from hearing a matter before it. See Christiansen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1167 (9th Cir. 1990). Those factors include:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficulty or unsettled nature of the applicable law,

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7) the substance rather than form of an asserted core proceeding,

-21-

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden of the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,

(11) the existence of a right to a jury trial, and

(12) the presence in the proceeding of nondebtor parties.

In weighing the above factors, the bankruptcy court made the following findings. The Fourth Azam Bankruptcy had been dismissed so there is no effect on administration of a bankruptcy estate of abstention. Most of the claims asserted in the First Adversary Proceeding involved issues of state law or nonbankruptcy federal law. Ms. Azam had pending in District Court an action with claims largely similar to those asserted in the First Adversary Proceeding. The First Adversary Proceeding appeared to be an exercise in forum shopping: "I see Ms. Azam looking for some area, some jurisdiction where she can get some traction and it's not here. . . ." Tr. of Jan. 30, 2014 H'rg at 20:10-13. In summary, the bankruptcy court stated:

[T]he narrow duties of the bankruptcy court . . . are not implicated in this [Adversary Proceeding]. I find that most of your case – in fact, maybe 100 percent of it is arising either under federal law not involving Title 11 or under state law. And for reasons of comity, I just don't see this as being an appropriate venue for you. So for those reasons – and that's the

-22-

only thing I'm prepared to say in the order[7] – I'm invoking my right under [28 U.S.C. § 1334(c)(1)] to abstain.

Tr. of Jan. 30, 2014 H'rg at 22:4-12.

These findings reflect that the bankruptcy court applied the appropriate law in considering abstention as set forth in <u>Tucson Estates</u>. In our view, these findings were not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." Accordingly, the bankruptcy court did not abuse its discretion when it abstained from exercising jurisdiction over the First Adversary Proceeding or when it entered the Abstention/Dismissal Order.

Ms. Azam argues otherwise. She contends that because the First Adversary Proceeding asserted a matter arising in title 11, <u>i.e.</u>, the alleged improper relief from stay order entered in the Third Azam Bankruptcy, the bankruptcy court should not have abstained. However, any challenge to an order entered in the Third Azam Bankruptcy should have taken place in the Third Azam Bankruptcy. Raising it in a proceeding filed in a new bankruptcy

_____

[7] Ms. Azam's counsel had requested that the abstention order contain specific language that would allow the claims to be raised in the pending District Court litigation and that would include tolling language so Ms. Azam's claims would not be barred by any statute of limitations. The bankruptcy court refused on the basis that, as to the first request, the bankruptcy court did not need to tell the District Court what it could or could not decide regarding any purported violation of Title 11, and as to the second request, the question of tolling was not before the bankruptcy court and it declined to issue any advisory opinion on the question.

-23-

case was not proper. See In re Taylor, 884 F.2d at 480-81.

Ms. Azam also asserts that, procedurally, the bankruptcy court erred when it sua sponte raised abstention as a basis for dismissal. She contends Rule 5011(b) required a motion to be served on the parties. She further contends that § 157(c) precluded the bankruptcy court from exercising any jurisdiction over a non-core matter, including a determination to abstain. She asserts she was constitutionally entitled to proposed findings of fact and conclusions of law, **after** a motion had been filed, **and** to de novo review in the District Court once she had had an opportunity to see the bankruptcy court's findings and conclusions.

Ms. Azam cites to Holtzclaw v. State Farm Fire and Cas. Co. (In re Holtzclaw), 131 B.R. 162 (E.D. Cal. 1991), to argue that in abstention matters, bankruptcy courts are required to write a report and recommendation to the District Court rather than to act on their own. In her analysis, Ms. Azam overlooks the inherent power of any court to determine its own jurisdiction. Holtzclaw explained the basis for requiring a report and recommendation to the District Court before a bankruptcy court could exercise "mandatory" abstention under 28 U.S.C. § 1334(c)(2) - specifically, because Congress recently had acted to preclude appeals to the circuit courts in cases of mandatory abstention. However, as the bankruptcy court clarified for Ms. Azam's counsel several times in colloquy, the bankruptcy court determined it was appropriate to abstain "permissively" under 28 U.S.C. § 1334(c)(1). Holtzclaw clearly states that no

-24-

report and recommendation is required in permissive abstention determinations.

> Pursuant to 28 U.S.C. § 1334(c)(1), a district court may in its discretion abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Unlike mandatory abstention which applies only to noncore matters, discretionary abstention applies to both core and noncore matters. Although bankruptcy rule 5011(b) requires a bankruptcy judge to issue a report and recommendation on discretionary abstention issues, other courts that have considered the issue have found the rule to be in direct conflict with 28 U.S.C. § 1334(c)(1). These courts conclude that in the absence of any statutory limitation on appellate review, a bankruptcy judge may issue a final order with regard to discretionary abstention.

> The court agrees. This circuit has not interpreted § 1334(c)(1) to curtail the availability of appellate review in discretionary abstention cases. . . . § 1334(c)(1) does not present a constitutional impediment to the authority of bankruptcy judges to enter final orders on questions involving discretionary abstention.

Holtzclaw, 131 B.R. at 164 (internal citations omitted). Nor does the Supreme Court's decision in Stern v. Marshall, 131 S.Ct. 2594 (2011), constitutionally preclude the bankruptcy court from permissively abstaining without obtaining the approval of the District Court, as Ms. Azam suggests.

Further, unlike the language of § 1334(c)(2), § 1334(c)(1) makes no mention of a motion, rendering it impossible to construe that a motion was "required" as Ms. Azam contends.

Next, Ms. Azam asserts the bankruptcy court's decision to abstain runs afoul of the Supreme Court's recent pronouncement on the doctrine of abstention in Sprint Communications, Inc. v. Jacobs, 134 S.Ct. 584 (2013). Her interpretation of Sprint Communications is that "federal courts are obliged to decide

cases within the scope of federal jurisdiction and abstention [is] not warranted just because the state court proceeding involves the same subject matter." Opening Brief at 33:15-34:1.

Sprint Communications, and any standards set forth in that decision, have no bearing on the bankruptcy court's abstention decision. Sprint Communications involved the exercise by a federal district court of its broad federal question jurisdiction. The statute at issue was 28 U.S.C. § 1331. Bankruptcy jurisdiction is narrow and specific and arises under 28 U.S.C. § 1334.

Having determined that exercising jurisdiction was not appropriate, the bankruptcy court properly denied each of the dismissal and related motions and dismissed the adversary proceeding based on its discretionary abstention determination.

B. Second Adversary Proceeding (BAP No. 13-1538)

The Second Adversary Proceeding was initiated by removal to the bankruptcy court of the Unlawful Detainer Action then pending in the State Court.

Removal of claims related to bankruptcy cases is governed by 28 U.S.C. § 1452, which provides

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action or a

-26-

decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

The Notice of Removal was filed on July 23, 2013. On July 25, 2013, the bankruptcy court issued a show cause order, scheduling a hearing to determine why it should not abstain permissively or remand pursuant to 28 U.S.C. § 1452(b). The show cause hearing was held September 12, 2013, the day after the bankruptcy court had entered its order dismissing the Fourth Azam Bankruptcy. The bankruptcy court's ruling at the show cause hearing was succinct:

> One thing is pretty clear. The bankruptcy court at this point has no connection to this case whatsoever. The case – the underlying bankruptcy is dismissed. Even if that were not the case, an unlawful detainer is purely a function of state law. After Stern v. Marshall the bankruptcy courts have even less reason to be intruded into state court matters, so this matter is remanded to state court.

Tr. of September 12, 2013 H'rg at 9:4-11.

Ms. Azam disputes that dismissal of the bankruptcy case was sufficient to support a remand of the Unlawful Detainer Action where removal also was made pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1443. In very general terms, 28 U.S.C. § 1441 authorizes removal from state court to the District Court any civil action for which the District Court has original jurisdiction. 28 U.S.C. § 1443 authorizes removal of civil rights cases from state court to the District Court. Ms. Azam also contends that the bankruptcy court made insufficient findings to support remand in the face of removal under 28 U.S.C. §§ 1441 and 1443.

-27-

We disagree. The primary basis for remand was dismissal of the Fourth Azam Bankruptcy. However, the bankruptcy court also found that the removed complaint, the Unlawful Detainer Action, was purely a matter of state law. As such, removal pursuant to 28 U.S.C. § 1441 or 28 U.S.C. § 1443 would not have been proper because the District Court did not have original jurisdiction over a state law claim for unlawful detainer; nor did the removed action constitute a civil rights case. There is no need to remand to the bankruptcy court for further findings. Nor is there a need for an explicit order with respect to any other basis for removal.

Ms. Azam further contends that the bankruptcy court was without jurisdiction to enter the Remand Order after her Notice of Appeal of the dismissal order had been filed. While we disagree with this premise generally, for purposes of this appeal we note that, where the bankruptcy court already had ruled with respect to remand, the entry of the order consistent with that ruling was a ministerial act by the bankruptcy court. Ms. Azam reasserts her general claims that the existence of various appeals precluded the bankruptcy court from exercising any jurisdiction over the removed Unlawful Detainer Action. We already have addressed the argument as to the impact of Ms. Azam's various appeals on matters pending before the bankruptcy court and need not do so again in this context.

We do note that the sole claim for relief in the removed Unlawful Detainer Action was eviction of Ms. Azam and others from the Property. That has long since occurred. As a result, the

-28-

appeal from the Remand Order, BAP No. 13-1358, appears to be moot.

### VI. CONCLUSION

Once the Fourth Azam Bankruptcy was dismissed and/or Ms. Azam was evicted from the Property, the appeal from the bankruptcy court's TRO Denial Order became equitably moot. Accordingly, we dismiss BAP No. CC-13-1345.

The dismissal of the Fourth Azam Bankruptcy case was sufficient to support both the Abstention/Dismissal Order entered in the First Adversary Proceeding and the Remand Order entered in the Second Adversary Proceeding. Accordingly, we AFFIRM the orders appealed in BAP Nos. CC-14-1136 and CC-13-1358.

-29-